*W. Mack, S. C. Davis,* and *M. M. Joab,* for appellant.

————————————— ⚬ —————————————

GLASS *v.* THE TIPTON, TETERSBURG, AND BERLIN TURNPIKE COMPANY and Another.

CORPORATION. — *Name.* — *Turnpike Company.* — *Assessment.* — *Injunction.*—A turnpike company was organized as "The Tipton, Tetersburg, and Berlin *Turnpike* Company," and assessors to make an assessment, under the statute

of March 11th, 1867 (Acts 1867, p. 167), of the amount of benefit to the lands within one mile and a half of the proposed road, were appointed by the board of county commissioners on the application of " The Tipton, Tetersburg, and Berlin *Gravel Road* Company,"

*Held,* that an injunction would lie on behalf of the owners of said lands, not stockholders of said company, to restrain the collection of the assessments made by the assessors appointed on such application.

APPEAL from the Tipton Circuit Court.

RAY, J.—Complaint in three paragraphs by Glass for himself and others, not stockholders in the turnpike company, to restrain the collection of assessments upon property within one and one-half miles of said proposed turnpike. Fish, the treasurer of the county, is also made a party. The record is defective in not disclosing the filing of a demurrer to each paragraph of the complaint, and the sustaining of the same thereto, and exceptions taken, and judgment thereon. An agreement has been filed correcting the record, however, so far as to show the sustaining of a demurrer to the complaint. As we find that the first paragraph was sufficient, we will only decide the question presented upon that paragraph.

Among other allegations, it contains an averment that the company was organized as " The Tipton, Tetersburg, and Berlin Turnpike Company ;" and that upon application of " The Tipton, Tetersburg, and Berlin Gravel Road Company," three persons were appointed to make an assessment of said lands so situate, for the benefit of said company making such application, and that the assessment made in pursuance of said appointment, upon the lands of appellant Glass, which are described, amounts to the sum of one hundred and seventy-five dollars. The exhibits disclose the organization of the company as described in the complaint, and an exhibit is also made of the proceedings of the board of county commissioners appointing the appraisers upon the application of the " gravel road company."

It is insisted by the appellee, that a " turnpike" and a " gravel road" are one and the same. This is only true in that a turnpike may include a gravel road or any other

kind of road upon which a gate is placed for the collection of tolls to keep the road in repair. It cannot be denied, however, that a corporation is required, both at common law and by our statute, to have a name; and when such name has been duly given by charter, or adopted as required by statute, it seems very clear to us that it can act by no other name. It is true that, to sustain grants to or by corporations, some latitude has been permitted in the use of the corporate name, and the rule has been stated in such cases that the name must be the same in substance, but need not be the same in words and syllables. Angell & Ames Corp. § 99. To sustain a devise to a corporation, it has been held sufficient if the words used show that the testator could only mean a particular corporation, though the name be entirely mistaken (*First Parish in Sutton* v. *Cole*, 3 Pick. 232); and this to sustain the devise which would otherwise fail. So, where the corporation conveys by a wrong name, the court would not permit it to avail itself of its own wrong, after receiving full consideration for its act. 10 Co. 126, *a;* 2 Kent Com. 292; *African Society* v. *Varick*, 13 Johns. 38.

But in the class of cases to which the one before us belongs, and where a corporation is required by statute to act for its own benefit, it must do this act in its proper name. This is required to preserve regularity in judicial proceedings, where liens are to be enforced upon lands, and judicial condemnation and sale of property may follow. The delay in requiring a proper application and order is less dangerous than the adoption of so loose a rule as would sustain the corporate action in this case.

The demurrer should have been overruled to the first paragraph of the complaint.

Judgment reversed, with costs, and cause remanded, &c.

*J. W. Robinson, S. E. Perkins, O. F. Baker*, and *S. E. Perkins, Jr.*, for appellant.

*N. R. & E. A. Overman, J. Green, D. Moss*, and *D. Waugh*, for appellees.