THOMPSON v. THE HONEY CREEK DRAINING COMPANY.

DRAINING ASSOCIATION.—*Suit on Assessment.*—*Pleading.*—In a suit to enforce an assessment on lands under the ditching law, the exhibit annexed to the complaint, and referred to therein as the appraisers' schedule of assessment, consisted merely of a number of columns containing separately the name of the defendant, the description of each tract of land, the value per acre of each tract, and the total assessment on each tract, the columns being headed, " Name of Owner," "Description," &c., and the amount of the last column being placed at its foot.

*Held*, that the exhibit was insufficient, and rendered the complaint bad on demurrer.

APPEAL from the White Common Pleas.

This was a suit by the appellee against the appellant to enforce an assessment on lands of the defendant, under the ditching law.

It is alleged in the complaint, that the " appraisers made out a list of all lands affected, and assessed to each tract of land, separately, the amount of benefit or injury, and made out a schedule of the same, with the assessment on each tract of land therein described, separately; and that they did append thereto their affidavits, that the same was a true assessment in all respects, to the best of their judgment and belief; a copy of which schedule of assessment is filed herewith, marked ' D,' and made a part of this complaint."

The instrument annexed to the complaint and marked "D" consists merely of a number of columns containing separately the name of the appellant, the description of each tract of land, the value per acre of each tract, and the total assessment on each tract, the columns being headed, " Name of Owner," "Description," &c., and the amount of the last column being placed at its foot.

A demurrer to the complaint for want of sufficient facts was sustained, and the appellant excepted.

FRAZER, J.—The exhibit " D " annexed to the complaint is the instrument upon which the action was founded. It amounts to nothing, and is wholly insufficient. It is with-

out signature or the affidavit which the statute imperatively requires to give it validity. Besides, it does not even purport to be what the complaint avers. The demurrer to the complaint should have been sustained.

Judgment accordingly, with costs.

*R. W. Sill, S. A. Huff,* and *B. W. Langdon,* for appellant.

*S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellee.