## CHASE v. THE ARCTIC DITCHERS.

DITCHING ASSOCIATION.—*Variance.*—Where the articles of association of a corporation gave the corporate name as " The Arctic Ditchers," and the assessment of benefits was made in the name of " The Arctic Ditchers' Association," the variance was not fatal to the assessment on appeal.

SAME.—*Filing Assessment.*—From the date of the filing of the assessment in the recorder's office it is a lien on the lands assessed, without regard to the date at which it is recorded.

SAME.—*Filing Articles.*—The filing of the articles of association in the recorder's office fixes the date at which a company becomes a corporation.

MOTION FOR NEW TRIAL.—The erroneous sustaining of a demurrer to a complaint is not a reason for a new trial.

From the Tipton Circuit Court.

*J. Green* and *D. Waugh*, for appellant.

*N. R. Overman, N. W. Parker*, and *J. T. Cox*, for appellee.

DOWNEY, J.—A corporation was organized, under proper

articles of association, in pursuance of the draining law of 1869, 3 Ind. Stat. 222, by the name of "The Arctic Ditchers." Appraisers were appointed, and an assessment was made and a schedule returned. The appellant, whose lands had been assessed, appealed to the circuit court. In the circuit court the appellant filed an answer consisting of five paragraphs. In the first, he alleges that the association was organized, and, in its articles of association, denominated "The Arctic Ditchers," and that the assessment was made by, and in the name and style of, "The Arctic Ditchers' Association." In the second, it is stated that the lands of the appellant were in no wise benefited by the construction of the proposed drain. In the third, it is affirmed that the appraisement of benefits was not recorded in the recorder's office within thirty days from the time of giving notice of the filing of the same for record, and was not recorded for six months after the notice of filing was given as aforesaid. In the fourth, it is asserted that the articles of association were not recorded in the recorder's office of Tipton county, Indiana, before the assessment was made. And the fifth is as follows: "And for further answer defendant says that the lands described in the supposed assessment of benefits are not benefited to the amount of the said assessment, that the assessment is excessive."

Demurrers were filed to the first, third, and fourth paragraphs of the answer and sustained. There was a reply by general denial to the second and fifth paragraphs. A trial by jury terminated in a verdict for the appellee, assessing the benefits in the same amounts as were assessed by the appraisers. Motions for a new trial and in arrest of judgment were made by the appellant and overruled, and there was final judgment for the appellee on the verdict.

The errors assigned are, 1, 2, and 3, sustaining the demurrers to the first, third, and fourth paragraphs of the answer; 4, overruling the motion for a new trial; and, 5, overruling the motion in arrest of judgment.

The first question is, whether the variance in the name

of the corporation, alleged in the first paragraph of the answer, is fatal to the assessment. The order of the court appointing the appraisers is not set out in the record, but the assessment commences as follows: "We, the undersigned, appointed by the Court of Common Pleas of Tipton county, Indiana, as appraisers, to perform the duties devolving upon us by law as appraisers of 'The Arctic Ditchers' Association,' having been ordered by the board of directors," etc. Then follows a description of each tract of land of the appellant, with the statement that the benefits are for the construction of the drain of The Arctic Ditchers' Association, and the amount of the benefit to each tract is stated. We are referred by counsel for the appellant to *Glass* v. *The Tipton, etc., Turnpike Co.,* 32 Ind. 376, to show that the assessment is void for this variance in the name of the corporation.

In case of an appeal under the act in question, there is no law by which the court must be governed in the disposition of the case on appeal. The act, sec. 6, simply says, "*Provided,* that upon filing such schedule for record, the secretary shall give notice thereof by posting a notice in a conspicuous place in the recorder's office, and any party aggrieved by any such assessment may within thirty days thereafter appeal therefrom to the circuit or common pleas court of said county." In the case under consideration, the court and the parties seem to have supposed that the proper practice was for the appellant to plead to the assessment or transcript treating it as a complaint. We do not decide that this was the proper course, but as it was adopted and followed in the court below without objection, we make no question with reference to it. How far ought a defect in the assessment to be allowed to control the case on appeal? It seems to us that if there was no valid assessment made in the first place, this may be shown on appeal, in a proper mode, and that where shown it will be sufficient to set aside the proceeding, so far at least as it is erroneous or invalid. But we cannot think that there is any fatal variance in the name

of the corporation, nor do we think that the case in 32 Ind. is an authority in this case.

The next question is as to the time within which the assessment must be recorded. It is alleged in the third paragraph of the answer that it was not recorded for six months after the notice of the filing of the same in the recorder's office. By the sixth section of the act, the assessors are required to return their assessment to the secretary of the company, and he is required to cause it to be filed for record in the office of the recorder of the county in which the land therein described shall be situated. From the date of such filing, the assessment becomes a lien on the land assessed. Upon the filing of the schedule for record, the secretary is required to give notice of such filing by posting notice, etc. The time of recording the schedule or assessment seems not to be very material. The filing of it fixes the time when the lien accrues, and the time of giving the notice seems to govern the time within which the appeal may be taken. We think the demurrer to the third paragraph of the answer was rightly sustained.

The fourth paragraph of the answer relies upon the failure to record the articles of association before the assessment was made. There is nothing in this objection. The filing of the articles of association is the act which fixes the date at which the company becomes a body corporate. Sec. 3.

The first, second, and third reasons for a new trial are the alleged errors in sustaining the demurrer to the first, third, and fourth paragraphs of the answer. These are not reasons for a new trial, and have already been considered. The other reasons are, that the verdict is not sustained by sufficient evidence, and is contrary to law. The evidence is not in the record, and we can decide nothing on these points for that reason.

The judgment is affirmed, with costs.