THE FOSTER'S BRANCH DITCHING COMPANY *v.* MAKE-PEACE ET AL.

PRACTICE.—*Pleading.*—*Ditching Association.*—Upon an appeal to the circuit court from an assessment of benefits made against lands under the acts authorizing the construction of levees and drains, no issues· can be made by pleading; and an answer alleging that the company in whose behalf the assessment was made never was a corporation should be struck out.

From the Madison Circuit Court.

*H. Craven, W. R. Pierse,* and *H. D. Thompson,* for appellant. .

*J. A. Harrison,* for appellees.

DOWNEY, C. J.—The appellant claims to be a ditching company in Madison county, formed under the act to authorize the construction of levees and drains, approved June 12th, 1852, 1 G. &. H. 303, and amendments thereto. An assessment of benefits having been made against the lands of Allen Makepeace, the ancestor of the appellees, he appealed therefrom to the circuit court. In the circuit court, the company moved to dismiss the appeal, because the transcript was insufficient to authorize the appeal. This motion was overruled, and this presents the first question. No particular objection to the transcript was pointed out, nor is any such objection pointed out in this court. We see no objection to the transcript.

Allen Makepeace having departed ˙this life during the

The Foster's Branch Ditching Co. *v.* Makepeace *et al.*

pendency of the appeal in the circuit court, the appellees, his widow and children, were made parties in his stead. They answered that the ditching company claimed to be a corporation under the laws of the State of Indiana, by virtue of certain articles of association filed and recorded in the recorder's office of the county, on the 20th day of June, 1866, a copy of which is filed with the answer, which is the only organization as a corporation ever made by the company; and that said articles wholly fail to set forth or describe the objects or work to be constructed and maintained by the company, and are void, and that there is, therefore, no such corporation as the said Foster's Branch Ditching Company.

Second. That the said company, if a corporation at all, is only such by virtue of its articles of association, recorded in the recorder's office of said county, on the 20th day of June, 1866, a copy of which is filed with the first paragraph of the answer, which is the only organization ever made by said company as a corporation, and it is possessed of no other or greater corporate rights and powers than are set forth in said articles; that said articles of association wholly fail to locate or describe the commencement, line, course, distance, or termination of any tributaries proposed to be made to the main ditch, or to describe the lands to be affected by said tributaries; and the said pretended assessment of benefits is not made, and does not purport to be made, of the benefits supposed to result from the construction and maintenance of said main ditch, but from said main ditch and a large number, to wit, twenty tributary ditches, and the benefits assessed will not result to defendants' said lands from said main ditch solely, without the construction and maintenance of said tributaries; wherefore they pray judgment for costs, that said corporation has no existence whatever, and that the lien of the assessment be annulled, etc.

We do not deem it necessary to set out the articles of association for the purposes of this decision.

The company moved the court to strike out the answer,

but the motion was overruled, and an exception was taken by a proper bill of exceptions.

The company then demurred separately to each paragraph of the answer, on the ground that they did not state facts sufficient to constitute a defence or answer to the complaint. The demurrers were overruled by the court, and the company again excepted. The company declining to plead further, the court rendered judgment against it, setting aside the assessment, declaring that the company had no existence as a corporation, and for the costs.

The motion to strike out and set aside the answer presents the next question, the overruling of that motion having been assigned as error. The statute of June 12th, 1852, was repealed by the act which took effect May 22d, 1869, found in 3 Ind. Stat. 222. The proviso to the sixth section of that act authorizes an appeal from an assessment. It provides that any party aggrieved by any such assessment may, within thirty days after notice given of the filing of the assessment, appeal to the circuit or common pleas court of the county. How the appeal is to be taken, or how the case is to be disposed of in the circuit court, is not provided in the statute. We do not believe it was intended that, on an appeal from an assessment, issues should be made by the filing of answers and other pleadings. The question on such appeal from an assessment does not, we think, involve the existence of the company. The existence of the company can be questioned in a direct proceeding by *quo warranto*, and we have held that it may be questioned in a proceeding to enjoin the collection of an assessment, so far as to restrain the enforcement of the assessment in the particular case. The articles of association are no part of the record on an appeal from an assessment, and defects in them do not enter into the question as to the amount of the assessment. We think the motion to set aside the answer should have been sustained. We do not decide the question whether the articles of association are valid or not, being of the opinion that the question was not

properly before the court, and is not properly in the record before us.

The judgment is reversed, with costs, and the cause remanded, with instructions to strike out the answer and for further proceedings.