## LOWE ET AL. *v.* THE STATE.

EVIDENCE.—*Corporation.*—Ownership of property by a corporation may be proved by the same kind of evidence that would prove ownership in a natural person.

VARIANCE.—*Malicious Trespass.*—Where a party was indicted for malicious trespass in injuring a toll-gate charged to be the property of "The Madison, Smyrna, and Graham Gravel Road Company," and the evidence showed that the gate injured belonged to "The Madison, Smyrna, and Graham Turnpike or Gravel Road Company," and that there was but one corporation answering to either name, and that had the latter name, the variance was immaterial.

PRACTICE.—*Arrest of Judgment.*—*Fine.*—That a fine is assessed jointly against two defendants is no ground for arrest of judgment.

From the Jefferson Circuit Court.

*J. L. Wilson* and *E. R. Wilson,* for appellants.

*J. C. Denny,* Attorney General, for the State.

DOWNEY, J.—This was an indictment against the appellants for malicious trespass in injuring a toll-gate alleged to be the property of "The Madison, Smyrna, and Graham Gravel Road Company." On arraignment, the defendants pleaded not guilty. The issue was tried by a jury, and there

was a verdict that the defendants were guilty. They moved for a new trial, and afterward in arrest of judgment, but these motions were overruled, and sentence pronounced against them.

They allege two errors in the proceedings.

1. The refusal to grant them a new trial; and,

2. Overruling their motion in arrest of judgment.

Under the first assignment, it is urged as a reason why a new trial should have been granted, that the court erred in admitting the evidence of one Dean, that the gate in question was the property of the company named in the indictment. The bill of exceptions states that this evidence was objected to, " for the reason that it was attempting to prove the existence of the corporation by verbal testimony, without laying any foundation to prove that fact by that kind of evidence." We see no good ground for this objection. Ownership of property by a corporation may be proved by the same kind of evidence that may be received from a natural person to prove the ownership of property by him. If it was intended to raise a question as to the existence of the corporation, it was not done. The witness testified to nothing concerning the existence of the corporation.

Ultimately, however, the fact was disclosed, by the introduction of the articles of association of the company by the defendants, that the name of the corporation was " The Madison, Smyrna, and Graham Turnpike or Gravel Road Company;" and a question arises, with reference to a charge given by the court to the jury, whether this variance in the name is material. The evidence tends to show that there was but one corporation answering to either name, and that was " The Madison, Smyrna, and Graham Turnpike or Gravel Road Company," to which the gate belonged. In our opinion, the variance was not so material as to defeat the prosecution. The name of the owner of the property injured is required to be given as a part of the description of the offence, and it is for the information of the defendant. The variance in this case could not have misled the

·defendant. The court, in the instruction referred to, did not put the case on this exact ground, but did so substantially. With reference to variances in the names of corporations, see *Glass* v. *The Tipton, etc., Co.*, 32 Ind. 376, and *Chase* v. *The Arctic Ditchers*, 43 Ind. 74.

It is urged that the evidence did not warrant the amount ·of the fine, but we think we cannot disturb the judgment on this ground.

The ground on which it was claimed that the judgment should have been arrested is, that the verdict is joint, and ·that it cannot be determined for what amount judgment should be rendered against each of the defendants.

Without deciding whether this objection might or might ·not have been successfully urged in some other way, we .are of the opinion that it is not a ground for arresting the .judgment. Under the criminal code, there are but two grounds on which the judgment can be arrested : 1. Want of authority in the grand jury to inquire into the offence, by reason of its not being within the jurisdiction of the court; and, 2. That the facts stated do not constitute a public offence.  2 ·G. & H. 424, sec. 144; Bicknell Crim. Prac. 244.

The judgment is affirmed, with costs.