## BAKER ET AL. *v.* THE ARCTIC DITCHERS.

DRAINING ASSOCIATION.—*Assessment of Benefits.—Appeal.—Pleading.—Practice.*—From the assessment of benefits on lands affected by a proposed ditch or drain to be constructed by a ditching company, any person aggrieved thereby may appeal to the circuit court, and on filing in that court a duly certified copy of the assessment appealed from, on that alone the cause should be tried without any further pleadings, all defences being admissible in evidence without filing any pleadings.

PRACTICE.—*Appeal to Supreme Court.—Harmless Error.*—Where matter pleaded can be given in evidence under another answer or without any answer, error in holding such pleading bad is not available on appeal to the supreme court.

SAME.—*Bill of Exceptions.—Pleading Struck Out*—Where, on motion, a pleading is struck out, it can only be made part of the record by a bill of exceptions.

SAME.—*Appeal to Supreme Court.—Bill of Exceptions.—Filed too Late.*—Where a motion for a new trial of a cause is overruled, an appeal to the supreme court prayed, sixty days beyond the term given in which to file a bill of exceptions, and judgment rendered, on the last day of such term, being the 14th day of December, it is too late to file such bill of exceptions on the 13th day of February, following.

From the Howard Circuit Court.

*J. Green, D. Waugh, M. Bell* and *A. S. Bell*, for appellants.

*N. R. Overman* and *J. T. Cox*, for appellee.

WORDEN, J.—Susan Baker, the wife of the other appellant, was the owner of two forty-acre tracts of land lying in Tipton county, Indiana, upon which the appellee, a corporation organized under the act of May 22d, 1869, " to authorize and encourage the construction of levees,

dikes and drains," etc., (3 Ind. Stat. 222,) procured an assessment of benefits to arise from the construction of the proposed drain.   The appellants herein appealed from the assessment to the Tipton circuit court, and a change of venue was taken to the Howard circuit court, where the cause was tried by a jury, who found for the appellee herein, but reduced the original assessment about one-fourth, and judgment was rendered accordingly.

The appellants have assigned numerous errors which need not be stated in detail, as many of them involve questions not presented by the record.   Some of the errors assigned are based upon the rulings of the court upon the pleadings in the cause.   The sixth section of the statute above cited, provides, amongst other things, that " any party aggrieved by any such assessment may within thirty days thereafter appeal therefrom to the circuit or common pleas court of said county."   There is no provision made in this statute as to the mode of proceeding in such cases after the appeal has been taken.   We are of opinion that it was not contemplated that, on the appeal, pleadings should be filed and issues made up as in ordinary actions.   See, on this point, *Kellogg* v. *Price*, 42 Ind. 360 ; *Chase* v. *The Arctic Ditchers*, 43 Ind. 74 ; *The Foster's Branch Ditching Company* v. *Makepeace*, 45 Ind. 226.

The appellants herein, when they took their appeal to the circuit court, filed in that court, very properly, a duly certified copy of the assessment from which they appealed. This showed what was in controversy between the parties, and further pleadings were unnecessary, either on the part of the plaintiff or the defendants.   As the case might and should have been tried on the assessment alone, without further pleadings, and as all the defences to the assessment that could have been made at all could have been made without pleadings, we decline to enter upon the consideration of the questions arising upon the pleadings filed by the appellants in the cause.   The case is like the familiar one in Indiana, that where the matter

pleaded could have been given in evidence under another answer, or without an answer, error in holding good answers to be bad is no ground for the reversal of a judgment.

During the progress of the cause the appellants filed a cross-complaint seeking to enjoin the appellee from collecting the assessments, and this complaint was struck out on motion of the appellee. This is assigned for error. The cross-complaint is not contained in any bill of exceptions properly filed and, being struck out, it constitutes no part of the record unless restored and made such by a bill of exceptions setting it out. *Chrisman* v. *Melne,* 6 Ind. 487; *Hill* v. *Jamieson,* 16 Ind. 125.

What we have said disposes of all the errors assigned excepting those relating to the admission of evidence, instructions of the court, etc., involved in the motion for a new trial. These questions are not in the record unless shown by a bill of exceptions. The record shows a bill of exceptions to have been filed on the 13th day of February, 1873. The record further shows that the cause was finally closed and judgment rendered on the 14th day of December, 1872, and that sixty days were given from that time to file a bill of exceptions. It will be seen that excluding the day on which the proceedings were closed, the bill was filed on the sixty-first day thereafter, one day too late. We can not notice the bill of exceptions.

There is no available error in the record and the judgment below must be affirmed.

The judgment below is affirmed, with costs.

### Upon petition for a rehearing.

Perkins, J.—This case was before the supreme court on appeal, and decided, on the 23d day of February, 1875, affirming the judgment of the court below. One point then decided was that the bill of exceptions had not been

filed within the sixty days given for that purpose, and was not properly in the record. A rehearing was granted and the case is now before us on a second submission. The record is now as it was upon the former submission, and presents the same and only the same questions. The clerk's entry is, on the overruling of the motion for a new trial, that "sixty days is given to file bill of exceptions."

The bill of exceptions states in one place that the "defendants had sixty days to file bill of exceptions," and in another, "sixty days beyond the term was given to file bill of exceptions." Stress is laid in the petition for a rehearing upon this different phraseology, but both statements mean the same thing, and the time given by each is the same; as by an examination it appears that the day on which the time was granted was Saturday, the last day of the term, and the expression is equivalent to sixty days beyond to-day, or from to-day. This was on the 14th day of December. The bill was signed on the 13th day of February, following. Excluding the 14th of December, the day on which leave was given, and including the 13th of February, the day on which the bill was filed, we have seventeen days in December, thirty-one in January, thirteen in February, making in all sixty-one, showing that the bill was signed and filed on the sixty-first day.

In *The State, ex rel., etc. v. Thorn*, 28 Ind. 306, on the 12th day of May, thirty days were given "to prepare and file their bill of exceptions." The bill was filed on the 11th day of June following. The supreme court say, "excluding the 12th of May, the day on which the time was given, and including the 11th of June, the day the bill of exceptions was filed, and we have in May nineteen days, and eleven in June, making thirty. The bill of exceptions was filed on the thirtieth day, and was therefore in time."

By the same rule of computation it will appear the bill of exceptions in this case was filed on the sixty-first day, and therefore was one day too late. We are satisfied with

the opinion given on the former submission of the cause, upon this and other points passed upon, and adopt and file it herewith as the opinion upon the present submission. No new brief has been filed.