### HEDRICK ET AL. *v.* HEDRICK ET AL.

HIGHWAY.—*Amendment of Petition For.—County Commissioners.*—During the pendency of a proceeding, before a county board, to establish a highway, or on appeal therefrom to the circuit court, the petitioners are entitled to amend their petition so as to show to whom each separate tract of land to be affected by the proposed highway severally belongs, upon proof that all of the owners or occupants of such lands have been duly notified of the pendency thereof.

SAME.—*Variance.*—Where all the owners of lands which will be affected by the construction of a proposed highway have been duly notified of the pendency of a petition to establish such highway, but the petition and notice are defective in not averring to whom each separate tract of such lands severally belongs, an amendment of such petition, so as to show such ownership, will not constitute a fatal variance between such petition and notice.

SAME.—*Description of Route Proposed.*—The description of the route of a proposed highway, petitioned for, was, "passing over and upon the line dividing the lands of " certain owners, named.

*Held,* that such description was sufficient, and was equivalent to an averment that such route was over and upon such lands, and along the line dividing them, such line to be the center of the highway, and the owners of the lands, on each side thereof, to give half of the bed of the proposed highway.

From the Morgan Circuit Court.

*W. R. Harrison* and *W. S. Shirley,* for appellants.

*G. W. Grubbs, M. H. Parks, F. P. A. Phelps, S. Claypool* and *W. A. Ketcham,* for appellees.

WORDEN, C. J.—The appellants filed a petition, before the board of commissioners of Morgan county, for the laying out of a highway, and such proceedings were had as that the cause came to the circuit court. In the latter court, the appellees moved to dismiss the petition for the following reasons:

" 1. That said petition, for said proposed road, is insufficient in this:

" (*a*). That said petition does not sufficiently describe the beginning, course and terminus, and the location of said road.

" (*b*). That said petition does not sufficiently describe or indicate the names of the owners and occupants of the lands upon and over which said road passes or is proposed to pass.

" (*c*). That said petition describes said road as passing over and upon the line dividing the lands of certain owners and occupants, instead of over and upon said lands.

" 2. That said notice of said petition is also insufficient, because it describes and follows the description of said road, as set out in said petition, and is insufficient in the manner herein set forth."

While this motion was pending, the petitioners moved for leave to amend the petition, so as to aver and show

that the persons named in the petition as land-owners were, severally, the owners of all the lands, over which the proposed road was to run; and they offered to prove, by competent evidence, that the persons named in the petition and notice as land-owners were, severally, the owners of all the lands over which the proposed road would pass, and that no other person or persons owned or occupied any of the lands, over which the road could be located in accordance with the petition.   But the court refused leave to amend the petition, on the ground that, when so amended, it would not agree with the notice given of the intention to file the petition; and refused to hear the proposed evidence, or permit the same to be given, to which rulings the petitioners excepted.   The court then sustained the appellees' motion to dismiss the petition, to which the petitioners also excepted.

Error is assigned upon these rulings.

It is claimed by the appellees, that the board of commissioners had no power to authorize the amendment to be made, and, therefore, that the circuit court had none.   In this, counsel are, as we think, mistaken.   The 9th section of the act of March 7th, 1863, (1 R. S. 1876, p. 351,) provides, that " Such commissioners shall adopt regulations for the transaction of business, and in the trial of causes they shall comply, so far as practicable, with the rules [of] conducting business in the circuit court."   In the case of *Little* v. *Thompson*, 24 Ind. 146, which was a petition for the establishment of a highway, it was held, that, under the provision above quoted, the provisions of the code in relation to the waiver of certain objections, unless taken by demurrer or answer, were made applicable to such case.   The provisions of the code in relation to amendments must be also applicable.   It seems to be clear that the board of commissioners might have authorized the amendment; and it is clear, therefore, that the circuit court, on appeal, might have given the leave to amend.

It seems to us, also, that the amendment which was

sought was such as ought to have been allowed. The petition assigned to some of the lands, through which it was proposed to run the road, an ownership; but as to some of the lands, no ownership was stated; nor was it stated, in terms, that the persons named owned all the lands through which it was proposed to run the road. But if, in point of fact, the persons named in the petition owned all the lands through which it was proposed to run the road, as was proposed to be shown by the evidence, then all of them were notified, as required by the statute, for the notice followed the petition. If all the persons, through whose lands it was proposed to run the road, were properly notified, the amendment which was sought was more matter of form than substance, and ought to have been allowed. The amendment would not have created any substantial variance between the petition and notice. We think the evidence should have been received, and, if it showed that the persons, named in the petition and notice as land-owners, owned all the lands through which it was proposed to run the road, leave should have been given to amend the petition, as in such case all the parties were properly brought into court by the notice.

We do not find, in the brief of counsel for the appellees, any objection that the beginning, course and termination of the proposed road are not sufficiently stated. The petition, in this respect, seems to be sufficient.

But it is objected that the petition is bad, and was rightly dismissed, because it " describes the proposed highway, in several places, as *running on the line dividing* the lands of certain named proprietors, without averring that it ran upon or over said lands, or what part of said road passed upon each." We think this objection lacks substance. As was said in the case of *Hughes* v. *Sellers*, 34 Ind. 337, " Literally construed, the petition proposes to do an impossible thing; that is, lay out a highway between the lands of two adjoining proprietors. We

must understand it as proposing to run the highway through the lands of the persons named, but on the line dividing their lands, so that, according to the statute, each shall give half of the road."

The statute provides, " that where the road is laid out upon the line dividing the land of two individuals, each shall give half of the road." 1 R. S. 1876, p. 531-532, sec. 16. There is no space between the lands of adjoining proprietors, though there is a line. A line, mathematically considered, has no breadth, and it is impossible to run a road upon it without running upon adjoining land. The language of the petition cannot be misunderstood. It means, keeping in view the provision of the statute, that the center line of the road shall be the line dividing the lands of the named proprietors, one-half of the width of the road to be upon the land of each.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.

Petition for a rehearing overruled.