## SPAHR ET AL. *v.* SCHOFIELD ET AL.

DITCHES AND DRAINS.—*Act of 1875.*—*Petition.*—*Description of Lands.*— Section 2 of the drainage act of March 9th, 1875, 1 R. S. 1876, p. 428, does not contemplate a very accurate description, in the petition for a ditch, of the lands to be affected thereby.

Spahr *et al.* *v.* Schofield *et al.*

SAME.—*Description of Lands in Viewers' Report.*—The description of such lands, in the report of the viewers establishing the ditch, should be sufficiently accurate to enable the auditor to describe the lands on the tax duplicate.

SAME.—*Demurrer.*—*Motion to Dismiss.*—*Practice.*—Pleadings are not contemplated on an appeal to the circuit court from an order by a board of commissioners establishing a ditch, but a demurrer to the proceedings for insufficiency of facts is equivalent to a motion to dismiss.

From the Marion Circuit Court.

*G. W. Spahr*, for appellants.

*I. L. Bloomer* and *B. F. Davis*, for appellees.

BIDDLE, J.—Proceedings to establish a drain, under the act of March 9th, 1875, 1 R. S. 1876, p. 428.

The petition under section 2 is in the following words :

" To the Honorable Board of County Commissioners of Marion County and the Auditor of said county :

" We, the undersigned, resident freeholders of said county, would respectfully show to your honorable board, that it would be for the public health, benefit and convenience, and for the necessity of the persons whose names are hereunto attached, that your honorable board construct and build, or cause to be constructed and built, as by law in such cases made and provided, a ditch or watercourse, beginning at the eastern terminus, on the line of Washington and Lawrence townships, near the south corner of the premises known as Spahr's place, in said Washington township, and running thence in a westerly direction, through the adjoining premises, known as John Negley's, and in the same direction, through the next adjoining premises, known as Smith's place, and then Huff's place, then Noble's place, then Milliard's, then Noble's place, thence through Robert Rae's premises, thence Stewart's premises, thence in a more southerly direction, through Luther Johnson's premises, thence southerly, through Thomas Hammond's premises, thence Joseph Schofield's, thence through or under Schofield's lower

mill-race, into Fall Creek; and that we, the undersigned, whose names are hereto attached, are land-owners adjoining said proposed ditch or watercourse."

The petition was subscribed by five persons, who filed it and gave the proper bond, according to section 2.

At the next term the board appointed three freeholders, under section 2, as viewers. Subsequently, the viewers made their report, in which they seem to have described the ditch very well, by a survey and plat, except its termini. It begins at a point in the south-east quarter of section 4—16—4. What 16—4 means is not sufficiently clear to carefully preserve the rights of land-owners. We may guess that it means township 16, and range 4; but whether range 4 east or west of the meridian line, would have to be inferred, for it is nowhere shown, either in the petition or the report, in what county the land lies. The end of the ditch is described as running from a given point, " thence under said pike, through the mill-race, into Fall Creek, said mill-race belonging to House, Schofield and Ryan." It does not seem to us that a surveyor, from this description, could find where the ditch ran " under said pike," or " through the mill-race," as no direction or distance is given from the last fixed point. And the land, in the report of the viewers, is described only in that loose general way in which it is described in the petition.

Section 2 does not contemplate a very accurate description of the land, in the petition, as it is the commencement of the proceedings, and can not be certainly known without a survey ; yet we fear that the description in this petition is quite too loose and uncertain to comply with its terms. We, however, express no opinion upon this point. But the description of the land in the report is inadequate. It should be sufficiently certain to comply with the terms of section 12, so that it could be placed on

the tax duplicate, and the tax collected. *The Eel River Draining Association* v. *Topp*, 16 Ind. 242 ; *West* v. *The Bullskin, etc., Ditching Co.*, 19 Ind. 458 ; *The Jordan Ditching and Draining Association* v. *Wagoner*, 33 Ind. 50 ; *The Etchison Ditching Association* v. *Jarrell*, 33 Ind. 131 ; *Thompson* v. *The Honey Creek Draining Co.*, 33 Ind. 268; *Milligan* v. *The State, ex rel.*, 60 Ind. 206 ; *Scraper* v. *Pipes*, 59 Ind. 158.

The appellees appealed the case from the board of commissioners to the circuit court, wherein they demurred to the proceedings, for want of the sufficiency of the facts therein averred to grant the prayer of the petition. The court sustained the demurrer, and the appellant appealed to this court.

We do not think the statute contemplates pleadings to be filed in the circuit court on appeal ; yet a demurrer is equivalent to a motion to dismiss the case, and may be so held. *The Foster's Branch Ditching Co.* v. *Makepeace*, 45 Ind. 226 ; *McKinsey* v. *Bowman*, 58 Ind. 88.

The proceedings are too defective to be maintained. The court did not err in sustaining the demurrer.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.