BECK *v.* PAVEY.

DITCHES AND DRAINS.—*Evidence.*—*Report of Appraisers.*—The report of the appraisers of benefits to result from the construction of a ditch is not competent evidence on the trial of such proceeding in the circuit court.

From the Boone Circuit Court.

*W. B. Walls,* for appellant.

*R. Hill* and *J. W. Nichol,* for appellee.

NIBLACK, J.—The appellee, Jesse Pavey, instituted proceedings before the Board of Commissioners of the county of Boone, to have the benefits which would accrue to certain lands in that county, belonging to the appellant, Palemon A. Beck, and to others, on account of the construction of a ditch through said lands to drain the same, assessed against such lands; also to have the damages to such lands assessed, if any should result thereto. 2 R. S. 1876, p. 684; 1 R. S. 1876, p. 428.

The board of commissioners appointed three appraisers to assess such benefits and damages, who made an assessment of benefits in different amounts, against several tracts of land belonging to the appellant. The appellant then appealed to the circuit court, where, upon a trial before a jury, the court permitted the report of the appraisers, appointed as above, to be read in evidence over the objection of the appellant. The jury returned a verdict substantially affirming the assessment made by the appraisers against the appellant's lands. Over a motion for a new trial, judgment was rendered in accordance with the verdict.

The appellant contends that the circuit court erred in admitting the report of the appraisers in evidence, and that constitutes the only question for our consideration upon this appeal.

The precise question involved in this case was ruled upon and decided in the case of *McKinsey* v. *Bowman,* 58

Ind. 88. In that case it was held to be erroneous to admit the report of the appraisers in evidence, in a case like this, upon the trial in the circuit court; and, upon the authority of that case, the judgment in the proceeding before us will have to be reversed. See, also, *Freck* v. *Christian*, 55 Ind. 320.

The judgment is reversed, with costs, and the cause remanded for a new trial.