Corey *et al. v.* Swagger *et al.*

for a rehearing, but there is no rule which permits us to ignore what we do see.   We read the briefs of counsel, but, as the appeal is tried by the record, we examine that too. See *Heizer* v. *Kelly,* 73 Ind. 582.

Effort is made to question some points of the decision made, but we do not perceive that, if a rehearing were granted, we could reach a different conclusion.

Petition overruled, with costs.

———◆●◆———

No. 7649.

Corey et al. *v.* Swagger et al.

Ditches and Drains.—*Act of 1875.*— *Sufficiency of Description.*—The act of March 9th, 1875, 1 R. S. 1876, p. 428, requires a petition to establish a ditch, to give a *general* description of the proposed starting point, route and terminus.   The word "about," where there are other words limiting and restraining its meaning, does not materially impair the certainty of the description.

Same.—*Petition.—Statement of Necessity for Ditch.*—Where the petition avers that the construction of the ditch would be "conducive to the public health, convenience and welfare," and would be "of public benefit and utility," the necessity may fairly be inferred.   As used in this statute, the word "necessity" does not mean that which is *absolutely* requisite, but that which is *essentially* requisite.

Same.—*Practice on Appeal.—Harmless Error.*—On appeal to the circuit court from an order of the board of commissioners establishing a ditch, the cause stands for trial *de novo,* and overruling a motion to set aside the report of the reviewers, if erroneous, did appellants no harm.

Same.—*Evidence.—Report of Reviewers.*—The report of the reviewers is not competent evidence on the trial in the circuit court.

From the Grant Circuit Court.

*J. L. Custer,* for appellants.

*R. W. Bailey, A. Diltz* and *G. W. Harvey,* for appellees.

ELLIOTT, J,—The appellees petitioned the board of com-missioners of Grant county "to establish a ditch," the prayer of the petition was granted and the ditch established. Ap-pellants carried the case by appeal to the circuit court, where trial was had, resulting in a verdict and judgment in favor of the appellees.

Motions were made to dismiss appellees' petition and to set aside the report of the reviewers. These the court over-ruled.

Appellants urge, in support of their attack upon the peti-tion, that it is insufficient, because it does not properly de-scribe the ditch sought to be established. The description is as follows: "Said ditch is to commence at a point about forty rods west of the east line of section 13, T. 25 N., range 9 E., in said county, and about thirty rods south of the north line of the S. E. quarter of said section running thence west about 120 rods to the middle line of said section running north and south. Thence north on said middle line about twenty rods to the center of said sec-tion. Thence due west about sixty rods. Thence north-eastwardly about one hundred and sixty (160) rods, crossing the north line of said section at a point about forty (40) rods west of the center of said north line, into section twelve (12), township 25 N., range 9 E., in said county. Thence north-east about one hundred and twenty (120) rods, crossing the north line of the S. E. quarter of section twelve (12) at a point about forty (40) rods east of the west line of said quar-ter section. Thence northwestwardly about one hundred rods to a point at or near the center of said section twelve (12), and thence north a distance of about eighty (80) rods or more, and terminating on the south bank of Black Creek, being about two miles in length or more."

The 2d section of the act under which these proceedings were instituted requires a petition setting forth the necessity for the proposed ditch, "with a *general* description of the

proposed starting point, route and terminus.'' 1 R. S. 1876, p. 428. The appellees' petition does give a *"general* description'' of starting point, route and terminus. The use of the word ''about,'' taken in connection with the words restraining and limiting its meaning, does not materially impair the certainty of the description. In the cases of *Scraper v. Pipes,* 59 Ind. 158, *DeLong* v. *Schimmel,* 58 Ind. 64, and *Farmer* v. *Pauley,* 50 Ind. 583, there were no words restricting the application of the indefinite terms ''about'' and ''near.'' Here, these terms are carefully restricted by giving the section, town and range, and by stating with reasonable accuracy the courses and distances. *Spahr* v. *Schofield,* 66 Ind. 168 ; *Milligan* v. *The State, ex rel.,* 60 Ind. 206.

It is contended that the petition is insufficient, because it does not set forth the necessity for the proposed ditch. The statute does in express terms require that a petition shall be filed ''setting forth the necessity'' of the proposed ditch. The petition does not in terms aver that there is any necessity for the ditch, nor does it attempt to specifically state facts directly showing a necessity for the establishment of the ditch petitioned for. It does, however, aver ''that the construction of the proposed ditch will be conducive to the public health, convenience and welfare, and will be of public benefit and utility.'' We think a ditch which is ''conducive to the public health, convenience and welfare,'' and which is also ''of public benefit and utility,'' may be justly regarded as necessary. It is evident that the Legislature did not use the word ''necessity'' as meaning that ''which is absolutely requisite,'' but as meaning that ''which is essentially requisite.'' Certainly, what will benefit the public and conduce to the general health and welfare, may be regarded as ''possessing the quality of being necessary.'' The statements of the petition show with reasonable certainty that there was a necessity for the establishment of the ditch.

The overruling of appellants' motion to set aside the re-

port of the reviewers, even if erroneous, did them no harm. The cause stood for trial *de novo* in the circuit court, and the report of the reviewers had there no force or effect whatever. Whether it was correct or not, was of no possible importance, for the trial in the circuit court could not be affected by it in the slightest degree. *Turley* v. *Oldham*, 68 Ind. 114; *Beck* v. *Pavey*, 69 Ind. 304.

The appellants' assignment of error based upon the ruling denying a new trial must be sustained. The court, over the objection of the appellants, permitted the report of the reviewers to be read in evidence. This was plainly erroneous. *McKinsey* v. *Bowman*, 58 Ind. 88; *Freck* v. *Christian*, 55 Ind. 320; *Turley* v. *Oldham, supra; Beck* v. *Pavey, supra; Coyner* v. *Boyd*, 55 Ind. 166.

Other questions are discussed, but it is not necessary for us to consider them, as the cause must be again tried, and it is not probable that these questions will again arise; nor is it important to the rights of the parties that we should now pass upon them.

Judgment reversed.

Opinion filed at the November term, 1880.
Petition for a rehearing overruled at the May term, 1881.