No. 7589.

COOLMAN ET AL. *v.* FLEMING ET AL.

DRAINAGE.—*Board of Commissioners.*—*Amendment.*—*Practice.*—Under the act of March 9th, 1875, Acts 1875, p. 97, concerning drainage, the petition could be amended by leave of the board, even as to a jurisdictional fact; and, on appeal, a like amendment could be made by leave of the circuit court. It follows that after such amendment by leave of the circuit court, on appeal, it would be error to dismiss the appeal for a defect so removed by the amendment.

SAME.—*Petition.*—*Public Utility.*—Under such act, a general statement in the petition, that the drain proposed would be of public utility, was sufficient without alleging also that it would benefit the public health.

SAME.—*Description.*—Under such act, a petition was sufficiently definite as to the *termini* and course of the work proposed, which described it as beginning on the line between H. and W. counties, about 80 rods north of the northeast corner of sec. 36, t. 26 n., r. 10 east, and running thence in a westerly direction about 80 rods, thence in a southerly direction about 22 rods, thence in a westerly direction about 80 rods, thence in a southerly direction about 28 rods, thence in a westerly direction about 48 rods, thence in a southerly direction about 121 rods, thence in a westerly direction about 38 rods until it intersects another ditch named, on the west half of the n. w. quarter of sec. 36, same town and range, about 60 rods east of the west line, and about 80 rods south of the north line thereof.

SAME.—*Notice.*—*Waiver.*—Parties who appeared before the county board in proceedings under such act, and made no objection to the notice, could not make such objection for the first time in the circuit court on appeal.

From the Huntington Circuit Court.

*W. H. Trammel,* for appellants.

*J. B. Kenner* and *J. I. Dille,* for appellees.

NEWCOMB, C.—The appellants presented their petition to the board of commissioners of Huntington county, praying for the construction of a ditch through the lands of the petitioners and divers other parties named in the petition. The proceedings were had since the act of March 9th, 1875.

Viewers were appointed, and, after the filing of their report, the auditor gave notice by publication of the pendency of the petition, as directed by the second section of the act. At a subsequent term, the appellees appeared and filed a verified motion to dismiss the proceedings, on the ground that a ditch already existed substantially on the line proposed, for the construction of which they had been assessed, and which, with a small expenditure for repairs, would be sufficient to carry off the water and drain all the lands interested; and that the proposed ditch would not be conducive to public health, convenience or welfare, and not of public utility. The motion was overruled. A remonstrance was then filed, and the ap-

pellees Fleming and Stinson interposed separate claims for damages.

The remonstrants having given bond as required by the statute, reviewers were appointed. Their first report was rejected, but, having been amended, it was refiled and acted upon by the board of commissioners. No damages were awarded to the remonstrants claiming them. The report was accompanied by a carefully tabulated statement of the length of each section of the proposed ditch, and embracing all the particulars required by sections 2 and 11 of the act of 1875. It was also accompanied by a map showing the *termini* and exact course and distance of the proposed ditch, with the names of the owners of each tract of land, and the quantity of each tract affected by the ditch.

A motion to reject the report was overruled. The case was then submitted and the board entered a finding that the proposed work was necessary, conducive to public health and of public utility, and ordered the ditch to be established and constructed in conformity with the report of the reviewers.

The remonstrants appealed to the circuit court, and then moved to dismiss the case for the following reasons:

"1st. There is no law authorizing said proceeding.

" 2d. The petition filed in said proceeding is insufficient and defective in this: That it does not show that the proposed ditch or drain will be conducive to the public health, convenience or welfare, or of public benefit or utility.

" 3d. The petition filed in said proceeding is insufficient and defective in this: That it does not show the starting point, route or terminus of the proposed ditch or drain.

" 4th. No legal notice was given of the pendency of said petition, and the time set for hearing thereof.

" 5th. The notice given of the pendency of said petition, and of the time set for the hearing thereof, was insufficient and illegal in this: That it did not contain a pertinent description of the terminus of the proposed work, and its direction and course, from its source to its outlet.

" 6th. Because the report of the reviewers is insufficient and illegal in this: That it does not sufficiently locate or describe the proposed work."

The petitioners then asked leave to amend the petition, which leave was granted over the objection and exception of the remonstrants, and the petition was amended by inserting averments that the proposed ditch would be "conducive to health and of public utility."

The motion to dismiss was then renewed, and was sustained on the grounds set forth in the 4th and 5th causes assigned. The case was then ordered dismissed, and judgment for costs was rendered against the petitioners, to all of which they excepted.

The appellants assign for error the dismissal of the proceedings, and the appellees assign a cross error on the ruling permitting the amendment of the petition.

We will first consider the cross assignment of error.

The jurisdiction and powers of the county commissioners in such cases are thus defined by the act of 1875, 1 R. S. 1876, pp. 428-9:

"Section 1. * The board of commissioners of any county shall have power, at any regular or called session, when the same shall be conducive to the public health, convenience or welfare, or when the same will be of public benefit or utility, to cause to be constructed, as hereinafter provided, any ditch, drain, or watercourse within said county.

"Sec. 2. * Before the board of commissioners shall establish any ditch, drain or watercourse, there shall be filed, with the auditor of such county, a petition signed by one or more of the land-owners whose lands will be liable to be affected by, or assessed for the expense of the construction of the same, setting forth the necessity thereof, with a general description of the proposed starting point, route and terminus, and shall file a bond," etc.

The residue of this section provides for the appointment and defines the duties of viewers, and directs notice to be

given by the auditor of the pendency of the petition, after the filing of the report of the viewers.

Section 4 is as follows: " Said board of commissioners, at the time set for the hearing of said petition, shall, if they find the provisions of the second section of this act to have been complied with, proceed to hear said petition, and if they find such proposed work to be necessary and ·conducive to public health, convenience or welfare, or of public benefit or utility, they shall establish the same as specified by the report of the viewers."

The argument of the appellees is that the petition was defective in not stating any facts showing a necessity for the construction of the proposed ditch; therefore, the commissioners did not acquire jurisdiction in the case, and if the proceedings of the commissioners were *coram non judice,* the circuit court was also without jurisdiction, and had consequently no authority to allow an amendment of the petition, or to take any other step than to dismiss the proceedings.

The petition was unquestionably defective in the particular stated. *McKinsey* v. *Bowman,* 58 Ind. 88; *Tillman* v. *Kircher,* 64 Ind. 104; *Bate* v. *Sheets,* 64 Ind. 209; *Chambers* v. *Kyle,* 67 Ind. 206; *Deisner* v. *Simpson,* 72 Ind. 435.

Does it follow that the board of commissioners acquired no jurisdiction, for any purpose, by reason of this defect? Had not jurisdiction so far attached at least that it was competent for the commissioners' court, while the proceedings were *in fieri,* to allow an amendment of the petition such as was made in the circuit court? The statute conferred on the commissioners jurisdiction over the subject-matter of draining lands. Sitting as a court, they had the same authority to allow amendments of pleadings in causes pending before them that belongs to circuit courts. 1 R. S. 1876, p. 351, section 9; *Hedrick* v. *Hedrick,* 55 Ind. 78.

Section 97 of the code of practice provides that "Any pleading may be amended by either party of course at any time before the pleading is answered. All other amendments

shall be by leave of the court." A large discretion is, by this section, given to courts in the matter of permitting amendments of pleadings. If a jurisdictional fact is omitted in a complaint or petition, the omitted averment may be inserted by way of amendment, as well as any other averment necessary to perfect the pleading. A pertinent case on this subject is *Jackson* v. *Ashton,* 10 Peters, 480. Where an action is brought in a circuit court of the United States, the complaint or bill must, in ordinary cases, aver the citizenship of the parties, and show that they are citizens of different States. Without such averment, the court has no jurisdiction. In the case cited, a decree of a circuit court had been reversed because the jurisdictional fact of citizenship was not stated in the bill of complaint; but it was held that, after the cause was remanded to the circuit court, it might, in its discretion, permit an amendment showing that the parties were citizens of different States, and thus acquire jurisdiction.

Had the motion been made before the board of commissioners that was afterwards made in the circuit court, we entertain no doubt that the board might have ordered the amendment that was subsequently made in the latter court, whether the amendment is to be deemed a jurisdictional one or otherwise.

It was also competent for the circuit court to allow the amendment after the appeal. *Hedrick* v. *Hedrick,* 55 Ind. 78. By the terms of the statute authorizing the appeal, the same was required to be heard, tried and determined as an original cause. 1 R. S. 1876, p. 357, sections 36, 37. As an original cause in the circuit court, the petition was amendable by the general power of that court to permit amendments of pleadings, unless in an appeal where commissioners had assumed jurisdiction in a cause totally foreign to their powers, as, for example, where they had assumed jurisdiction to try the question of the title to real estate, or had rendered judgment on a promissory note.

The case at bar, however, is one where it is conceded that

the commissioners had jurisdiction of the subject-matter, if the petition had been perfect in its averments touching the necessity for the improvement prayed for. It is the case of a defective petition that the court should order that done which it is admitted it had statutory power to order on a more perfect petition. *Muncey* v. *Joest,* 74 Ind. 409. In such case, the petition was amendable in either court. The circuit court, therefore, committed no error in allowing the amendment; but it erred in dismissing the cause, after the petition had been made sufficient by the amendment.

There has been some discussion in this case on the question whether the order of the board of commissioners was void in consequence of the imperfections of the petition. The view of the case we have taken renders an examination of that question unnecessary; but, as bearing on that point, we refer to *Weston* v. *Lumley,* 33 Ind. 486; *Snelson* v. *State,* 16 Ind. 29; *State* v. *Gachenheimer,* 30 Ind. 63; *The State of Rhode Island* v. *The State of Massachusetts,* 12 Peters, 657; *United States* v. *Arredondo,* 6 Peters, 691; *Grignon's Lessee* v. *Astor,* 2 How. 319; *Board of Commissioners, etc.,* v. *Hall,* 70 Ind. 469; *Miller* v. *Porter,* 71 Ind. 521; *Muncey* v. *Joest, supra,* and *Stoddard* v. *Johnson,* 75 Ind. 20.

The appellees insist that, after being amended, the petition was still insufficient; that the averments, that the ditch would be conducive to health and of public utility, were too general. Stating that the ditch would conduce to health, did not help the petition. It is the benefit of the *public* health that is made a ground for such a proceeding; but the averment that the work would be of public utility made the petition clearly sufficient as to the necessity for the construction of the ditch. *Corey* v. *Swagger,* 74 Ind. 211.

The sufficiency of the petition is further questioned on the ground that it is too indefinite in its description of the *termini* and course of the ditch. The route is described as " Commencing at a point on the line dividing the counties of Huntington and Wells, about 80 rods north of the northeast corner

of section No. 36, in township No. 26 north, of range No. 10 east; running thence in a westerly direction about 80 rods; thence in a southerly direction about 22 rods; thence in a westerly direction about 80 rods; thence in a southerly direction about 28 rods; thence in a westerly direction about 48 rods; thence in a southerly direction about 121 rods; thence in a westerly direction about 38 rods, until the same intersects and connects with another proposed ditch petitioned for in this court by Samuel Morrison and others, at a point on the west half of the northwest quarter of section No. 36, town and range aforesaid, about 60 rods east of the west line, and about 80 rods south of the north line thereof."

In *Spahr* v. *Schofield*, 66 Ind. 168, a doubt was intimated as to the sufficiency of a somewhat more indefinite petition in a like case, but the point was not decided. In the later case of *Corey* v. *Swagger*, *supra*, a petition was held good when the *termini* and route of the proposed ditch were given in terms similar to the description in the case under consideration. In that case, ELLIOTT, J., in delivering the opinion of the court, said: " The second section of the act under which these proceedings were instituted requires a petition setting forth the necessity for the proposed ditch, ' with a *general* description of the proposed starting point, route and terminus.' 1 R. S. 1876, p. 428. The appellee's petition does give a '*general* description ' of starting point, route and terminus. The use of the word ' about,' taken in connection with the words restraining and limiting its meaning, does not materially impair the certainty of the description. In the cases of *Scraper* v. *Pipes*, 59 Ind. 158; *DeLong* v. *Schimmel*, 58 Ind. 64, and *Farmer* v. *Pauley*, 50 Ind. 583, there were no words restricting the application of the indefinite terms ' about' and ' near.' Here, these terms are carefully restricted by giving the section, town and range, and by stating with reasonable accuracy the courses and distances."

We think that from the description of the starting point, route and terminus, given in the petition under review, the

viewers appointed could readily locate the proposed ditch, and any uncertainty in its precise course, as described in the petition, would be obviated by the report of the viewers, provided for in sections 2 and 11.

On the authority of *Corey* v. *Swagger*, we hold the petition sufficient in the matter of description.

It is further urged that the cause was properly dismissed, because the notice published by the county auditor did not contain the "pertinent description of the terminus of such proposed work, its direction and course from its source to its outlet," prescribed by section 2 of the act of 1875.

The description of the starting point, course, distances and terminus of the proposed ditch as given in the auditor's notice, was copied literally from the petition. Whether this was a "pertinent" description, or whether it should have been made more explicit from the data furnished by the report of the viewers, is a question that does not arise. The notice was the process provided by law for bringing the parties interested into court. They did appear, and submitted to a hearing on the merits, in the commissioners' court, without objecting to the form or sufficiency of the notice. It was, therefore, too late to make such objection in the circuit court. *Little* v. *Thompson,* 24 Ind. 146.

The appellees challenge the constitutionality of section 10, of the act of 1875, which provides that upon the filing of the report of the reviewers, the commissioners *shall* establish such proposed work as described in the report of the reviewers, etc.

It is claimed that this section denies the parties a hearing, and consequently deprives them of their property without due process of law. As the supposed grievance does not exist in this case, we would not be warranted in considering it. The record shows that on the filing of the report of the reviewers, the cause was submitted to the board of commissioners by the parties; that evidence was heard, and that the commissioners made a formal finding that the proposed work was necessary, that it would be conducive to public health and of public

utility, and therefore ordered the ditch to be constructed and established as set out in the report of the reviewers.

As the appellees were awarded the hearing that they claim the constitution entitled them to in the commissioners' court, they have nothing to complain of on that score.

On appeal the law provides for a hearing *de novo* in the circuit court, and neither the report of the reviewers nor the judgment of the commissioners will then have any force or effect as the basis of a judgment, or as evidence. *Corey* v. *Swagger, supra.*

For the error of the Huntington Circuit Court in dismissing the cause, its judgment ought to be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is hereby in all things reversed, at the costs of the appellees, and that the cause be remanded to said circuit court, with instructions to overrule the motion to dismiss said cause, and for further proceedings in accordance with said opinion.

Opinion filed at the May term, 1881.
Petition for a rehearing overruled at the May term, 1882.