Wright *et al. v.* Wilson.

No. 10,109.

## WRIGHT ET AL. *v.* WILSON.

DRAINAGE.—*Petition.*—*Description.*—A petition for drainage under the act of March 9th, 1875, was only required to describe *generally* the starting point, route and terminus of the work proposed. It need not be particular or exact.

SAME.—*Practice.*—*Supreme Court.*—In such case a motion to dismiss the petition, based on facts found by the court to be untrue, can not be considered by the Supreme Court.

SAME.—*Appeal.*—*Jurisdiction of Circuit Court.*—*County Commissioners.*—On appeal to the circuit court in such cases, its jurisdiction is not affected by the fact that the order of the county board appealed from was entered at a time when the board had no power to act upon the matter.

SAME.—*Parties.*—One, through whose lands the drain will run, must be a party to the proceedings by notice or otherwise, and unless this appear on the trial the whole proceeding must fail.

From the Cass Circuit Court.

*D. D. Dykeman, M. Winfield* and *Q. A. Myers,* for appellants; *R. Magee* and *D. B. McConnell,* for appellee.

BEST, C.—The appellee instituted these proceedings before the commissioners of Cass county, to establish a ditch under the provisions of the act of March 9th, 1875. The commissioners of said county, on the 9th day of September, 1879, appointed viewers who made their report on the 18th day of said month and on the 20th day of October thereafter, the appellant Williamson Wright appeared before said commissioners and remonstrated against the establishment of such ditch. The cause was then set for trial on the 22d day of said month, when said appellant withdrew his remonstrance and consented to the establishment of such ditch, which was then accordingly done. Thereafter said Wright and the other appellants, the latter not having appeared before the commissioners, appealed from the order made by the board to the Cass Circuit Court and there moved to dismiss the case on the ground, among others, that the description of the ditch was

Wright *et al. v.* Wilson.

insufficient, and that the petition did not state facts sufficient to constitute a cause of action. This motion and a like motion by the appellants, other than Wright, were overruled, a trial had and a verdict with answers to interrogatories was returned for the appellee, upon which, over a motion for a new trial and in arrest of judgment, final judgment was rendered upon the verdict. These rulings have been assigned as error and will be considered in the order of their statement.

The ditch sought to be established was in Cass county, and in the petition it was thus described: "Beginning at a point indicated by a stake on the east side of the C. C. & I. C. railroad, and bearing east about twenty-seven rods from the southwest corner of the northwest quarter of the northeast quarter of section number eight, township twenty-five north, of range three east; thence northwest parallel to the line of said railroad through the northwest quarter of the northwest quarter of said section eight; thence through the northeast part of the northeast quarter of section seven, same township and range, being the land owned by your petitioner; thence through the northeast part of the southeast quarter of section number six, owned by Isaac Benngamer, to the intersection of the old channel at the north side of a pond, thence northwest with curves in channel to west side of the culvert under said railroad to the point of outlet, bearing southeast from the northwest corner of the southeast quarter of said section number six, same township and range as aforesaid, where the same terminates at said culvert."

The second section of the above named act only requires a petition for the establishment of a ditch to contain " a general description of the proposed starting point, route and terminus," and we think in this respect this petition is sufficient. It gives the starting point, route and terminus. The starting point is at a stake on the east side of the railroad about twenty-seven rods from the southwest corner of the northwest quarter of the northwest quarter of section eight,

etc., the route is parallel with the railroad in a northwest direction through several parcels of land described, to an old channel in the northeast part of the southeast quarter of section six; thence with the channel to the west side of the culvert under said railroad in said quarter section. This description is quite general, especially that portion describing the route, but as the statute does not require an accurate description we think this sufficient in this respect. *Milligan* v. *State, ex rel.,* 60 Ind. 206; *Corey* v. *Swagger,* 74 Ind. 211; *Coolman* v. *Fleming,* 82 Ind. 117.

The petition has not been assailed in any other respect, and, therefore, we assume that the facts averred constituted a cause of action under this statute.

All the other reasons assigned for the dismissal of the action were dependent upon facts not apparent of record, and as these were not found to be true by the court, we can not say whether the court disregarded them because not true in fact, or not sufficient in law. In this condition of the record its ruling does not appear erroneous. These motions were, therefore, properly overruled.

It appears from the record that the board of commissioners established the ditch at its October meeting, in 1879, when it was convened for the purpose of receiving the reports of the school trustees, and, as this was not a regular meeting, and was not specially called to consider the establishment of this ditch, the appellant contends that the board had no power to make the order, and hence that the circuit court acquired no jurisdiction of the subject-matter, and, therefore, the appellants' motion in arrest of judgment should have been sustained. This position proceeds upon the notion that an order thus made was a mere nullity; that the appeal simply operated to vacate it, and that the proceedings were thereby discontinued or remained pending before the commissioners. We think otherwise. If·the board of commissioners had jurisdiction, the mere fact that it made an order establishing the ditch at an

unauthorized time did not prevent the circuit court from acquiring jurisdiction by appeal. The appeal vacated the order and transferred the proceeding to the circuit court, where it stood for trial *de novo,* however many errors may have been committed before the board of commissioners, and without reference to their character. *Britton* v. *Fox,* 39 Ind. 369; *State, ex rel.,* v. *Brewer,* 64 Ind. 131; *Corey* v. *Swagger, supra.* The motion in arrest was properly overruled.

This brings us to the motion for a new trial, which embraced many reasons. Some of these will now be noticed. The evidence tended to show that the greater portion of the ditch in question was located upon the right of way of the Columbus, Chicago and Indiana Central Railway Company, then leased to, and used by, the Pittsburgh, Cincinnati and St. Louis Railway Company, and it was agreed by the parties, as a part of the evidence, that neither of said companies had been in any way made a party to this suit. At the proper time the appellants requested the court to submit an interrogatory to the jury asking them whether or not a portion of the ditch was not located upon the right of way of said company; and also asked the court to instruct the jury that if they found that the greater portion of said ditch was located upon the right of way of said company, and that neither of said companies had been made a party to the proceedings by notice or otherwise, then their verdict should be for the defendants. These requests were refused, and appellants insist that these rulings were wrong.

The second section of the statute, under which this proceeding was instituted, authorizes the board of commissioners to establish any ditch upon the petition of any one or more land-owners, whose lands will be affected by its establishment, and requires them to appoint viewers who shall make a computation of the number of cubic yards of earth to be removed from each section, estimate the cost of construction, apportion the work to each parcel of land, specify the man-

ner in which it shall be done, and file their report with the auditor, and he shall give notice for four weeks " of the pendency and prayer of said petition, and the time set for the hearing thereof, which notice shall contain a pertinent description of the terminus of such proposed work, its direction and course from its source to its outlet, and the names of the owners of the lands that will be affected thereby, and at the same time shall mail a copy of the same to non-residents interested, whose postoffice address is known to the auditor, or can be ascertained by inquiring at the treasurer's office."

The fourth section provides that the "board of commissioners, at the time set for the hearing of said petition, shall, if they find the provisions of the second section of this act to have been complied with, proceed to hear said petition, and if they find such proposed work to be necessary and conducive to public health," etc., " they shall establish the same as specified by the report of the viewers."

Subsequent sections provide that the costs of the construction of such ditch shall be apportioned between the persons owning lands liable to be affected by the proposed work, the time within which such costs shall be paid; the time and manner in which said labor is to be performed shall be specified, and if any person shall fail to procure the construction of that portion allotted to him, the cost of the same shall be assessed against his land and collected as other taxes.

The provisions of this statute plainly require all persons upon whose lands a ditch is to be constructed to be made parties to the proceeding. This is done by giving the notice specified in the second section, and when this is done all persons become parties, though they do not appear and controvert the matter. Without this notice persons may become parties by appearing to the proceedings, and no reason occurs to us why a valid order may not be made without the notice when all persons interested are before the court by appearance, and it seems equally clear that such order can not be

made without notice unless all persons who are necessary parties are before the court. Ordinarily, when a person appears to any judicial proceeding, such appearance waives any question as to notice, but this rule only applies where the notice operates as service of process upon him. In such case the purpose of the notice is to bring him in, and where he comes without it the want of it does not affect the proceeding. This, however, is not the case where the notice is necessary in order to authorize the court to make any order at all in the proceeding. In such case a party may appear, and such appearance waives the notice so far as it operates as process upon him, but by such appearance he can not waive such notice so far as it operates as process upon others, nor so far as it is essential to give the court jurisdiction of the subject-matter of the action. An application to establish a ditch is in the nature of a proceeding *in rem,* and in order to authorize the court to make an order, the persons upon whose land the ditch is to be constructed must be before the court, either by notice or by appearance, and unless they are, the court can make no valid order concerning them. This is elementary, and is too plain to justify further discussion or the citation of authorities. The court, in such case, having no authority to make an order against such persons, it can make none against those who are before the court. The reason is obvious. The ditch is an entire thing, and in order to establish it the court must have all who are necessary parties before it. This is especially true under this statute. The work is apportioned, and A. may be required to perform his portion on B.'s land, but the court can not make a binding order against him unless it authorizes him to do the work by making a binding order against B. This it can not do if B. is not before the court, and hence it can not, in such case, make a binding order against A., though he is before the court. If in this case the greater portion of the ditch was located upon the right of way of the Columbus, Chicago and Indiana Central

Railway Company, and neither railway company was made a party by notice or otherwise, the court possessed no power to order the construction of such ditch upon its premises, and, therefore, could not make an order against the appellants to dig said ditch, or any portion of it.

It is manifest that if the owners of the land upon which the ditch is located are not before the court no order can be made, but some question has arisen as to the time and manner of making the objection. Ordinarily, any objection to the process or its service must be made before appearance to the action, and this rule applies in this case so far as the notice operates as process upon the person, but not so far as it is essential to give jurisdiction to the subject-matter of the action. The petition and the report of the appraisers together should show the land upon which the ditch is to be established, and the notice of the auditor should contain the names of the owners. This done, the court acquires jurisdiction to establish such ditch, but not a ditch upon the land of some person who has not been named and who is not a party to the proceeding, and hence if such fact appears upon the trial, it bars the establishment of such ditch. In *Schmied* v. *Keeney*, 72 Ind. 309, a proceeding to establish a highway, this court held, in effect, that if it appeared in evidence that the highway passed through the lands of persons not named in the petition, such matter constituted a defence. This proceeding is precisely analogous and the same rule must apply. This being the rule, the fact sought to be established was material, and, therefore, the court erred in refusing to submit the interrogatory and in refusing to instruct the jury that if the ditch was located as claimed, they should find for the defendants.

Neither the record made before the board of commissioners nor in the circuit court show that any notice at all was given, and in this condition of the record, especially in view of the agreement made, the fact claimed to exist was decisive of the case.

This is the controlling question, and as the cause must be reversed, it seems unnecessary to consider the ruling of the court in refusing to give certain instructions.

The judgment should be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to grant the appellants a new trial.

Filed May 14, 1884.