Vizzard v. Taylor, Treasurer.

No. 11,429.

VIZZARD v. TAYLOR, TREASURER.

JURISDICTION.—*Collateral Attack.*—The jurisdiction of an inferior tribunal, so far as to preclude collateral attack, must exist both over the subject-matter and over the parties.

NOTICE.—*Constructive.*—*Actual.*—Where the statute provides for constructive notice, a strict compliance with the statute as to the mode of giving such notice is essential. Actual notice will not supply any material deviation in the publication from what the statute prescribes.

DRAINAGE.—*Notice by Auditor.*—*Name of Land-Owner.*—*Assessment on Land.* —*Injunction.*—*Case Overruled.*—In proceedings for the establishment of a ditch, under the drainage act of March 9th, 1875 (1 R. S. 1876, p. 428), where the name of the owner of land assessed does not appear in the notice given by the auditor, nor in any of the proceedings before the county board, jurisdiction of the person is not obtained, and the assessment on the land is void and its collection may be enjoined. So much of the opinion in *Featherston* v. *Small*, 77 Ind. 143, as holds it unnecessary for the notice given by the auditor to contain the name of the owner of land affected by the ditch, is overruled.

From the Superior Court of Allen County.

*J. Morris, C. H. Aldrich* and *J. M. Barnett,* for appellant.
*R. C. Bell,* for appellee.

HAMMOND, J.—This was an action by the appellant to enjoin the appellee, as county treasurer, from collecting an assessment placed upon the appellant's lands by virtue of certain proceedings before the board of commissioners to establish a ditch. The appellee's demurrer, for want of facts, was sustained to the appellant's amended complaint. This ruling was excepted to and is assigned for error in this court. The facts stated in the amended complaint are, so far as they are material to an understanding of the case, as follows:

The appellant had been· the owner and in possession of real estate, upon which the assessment complained· of was made, since January 25th, 1875, at which time his deed from the former owner was duly recorded and the land transferred to his name for taxation upon the books of the county auditor. About September 1st, 1875, S. F. Baker and twelve

others petitioned the board of commissioners of Allen county for the construction of a ditch, describing its proposed location. The ditch, as thus described, was not nearer than one mile, and, as finally constructed, not closer than sixty rods to the appellant's lands. The appellant's name was not mentioned in the petition for said ditch, in the notice given by the auditor, nor in any of the proceedings or assessments, but his lands were described therein as being owned by one David G. DeVore, who had no title or interest therein, and who was neither the tenant nor agent thereof. There was no finding of the county board that the appellant had notice as required by law, nor that he was in any way affected by the proposed work. The finding was, however, that said DeVore had been given the proper notice. The assessment was first placed upon the tax duplicate in DeVore's name and so remained two years, during which time appellant paid the taxes on his lands without knowledge of said assessment. In September, 1881, the county treasurer, discovering that DeVore did not own the lands and that they were owned by the appellant, caused the assessment thereon to be transferred upon the tax duplicate to the appellant's name. At the commencement of the action, the appellee, as such treasurer, was proceeding as provided by law to collect the assessment. The complaint avers, " that plaintiff did not stand by and consent to the construction of said ditch, and never had any knowledge or information of any kind that his lands had been described in said proceedings, or any of them, or that it was thought or supposed by any person that his said lands were benefited thereby ; that said ditch was and is, and never can be of any benefit whatever to plaintiff's lands or any portions thereof, and if he had had any knowledge or information of the fact that his lands were described in any of said proceedings, he would have remonstrated and tried the questions arising thereunder ; that by making the assessment and having all the proceedings (by and in pursuance of which the defendant threatens to sell plaintiff's lands) without no-

tice to plaintiff as aforesaid, he has been prevented from hav-- ing any opportunity to protect his rights, and his property is. about to be taken, as he believes, without any process of law."

Appellant's complaint makes a strong case for equitable re-- lief unless the facts stated show that he was bound by the as-- sessment, on the ground of having had constructive notice of the proceedings to establish the ditch.

In *City of Philadelphia* v. *Miller*, 49 Pa. St. 440, it was said : "Notice, or at least the means of knowledge, is an essen- tial element of every just proceeding which affects rights of persons or property." A statute which provides for assess- ments upon real estate for drainage or other purposes, with- out notice to the owners thereof, so that they may in some way, if they choose, contest the validity or the amount of such assessments, is void, as being in conflict with constitutional inhibitions against taking property " without due process of law." *Campbell* v. *Dwiggins*, 83 Ind. 473 ; *Rutherford's Case*,. 72 Pa. St. 82 (13 Am. R. 655) ; *Butler* v. *Supervisors, etc.*, 26 Mich. 22 ; *Thomas* v. *Gain*, 35 Mich. 155 (24 Am. R. 535) ;. *Darling* v. *Gunn*, 50 Ill. 424 ; *State* v. *Drake*, 33 N. J. 194 ; *Stuart* v. *Palmer*, 74 N. Y. 183 (30 Am. R. 289) ; Cooley Tax- ation, 266. The statute under which the proceedings were had to establish the ditch mentioned in the appellant's complaint,. being the act of March 9th, 1875 (1 R. S. 1876, p. 428), is not,. however, open to the objection of not providing for notice. After filing before the county board a petition for the construc- tion of a ditch, drain or watercourse, and after viewers have· made their report, the auditor is, by the second section of the act, required to give notice in a newspaper and by posting copies. of such notice in a mode specifically set forth, " which notice· shall contain a pertinent description of the terminus of such proposed work, its direction and course from its source to its. outlet, and the names of the owners of the lands that will be· affected thereby."

This statute was not complied with, nor did the county

board find that it was complied with as to the appellant. His name did not appear in the notice given by the auditor. His lands were therein described as belonging to DeVore. They were so described in all the proceedings. We do not controvert the doctrine, well settled by many cases in this court, that the decision of an inferior tribunal upon a matter in which it has jurisdiction can not be assailed collaterally for errors or irregularities. But the jurisdiction, to be complete, so as to preclude collateral attack, must exist both as to the subject-matter and as to the parties. In a proceeding to establish a ditch, it is competent for the Legislature to prescribe what notice shall be sufficient. Where the notice provided for, as in the statute under consideration, is but constructive, strict compliance with the statute as to the mode of giving such notice is essential. It may be stated, generally, that where a statute makes the performance of any act constructive notice, the law must be carefully observed; thus, the recording of a written instrument not authorized to be recorded, or the recording of a deed or a mortgage, the execution of which has not been acknowledged or proved as the law requires, does not avail as constructive notice to any person.

In reference to notice by publication, a recent text-writer says: "As this manner of serving process, depends for its validity, more upon its strict conformity to the statute by which it is authorized, than upon any inherent probability of its conveying intelligence of the impending suit, to the party whose rights are to be affected, the fact that it has actually come to the knowledge of the defendant, can not be shown to supply any material deviation in the publication, from what the statute prescribes. The statute being in derogation of common law, is always strictly construed, and it must be shown affirmatively that its provisions have been complied with." Wade Notice, p. 451, section 1030.

The decisions of this court apply the rule laid down in the above quotation with great strictness. *Taylor* v. *Conner*, 7

Ind. 115; *Fontaine* v. *Huston*, 58 Ind. 316; *Brenner* v. *Quick*, 88 Ind. 546. See, also, *Galpin* v. *Page*, 18 Wall. 350; *Jordan* v. *Giblin*, 12 Cal. 100; *McMinn* v. *Whelan*, 27 Cal. 300.

The appellant's name not appearing in the notice given by the auditor, nor in any of the proceedings before the county board, jurisdiction as to him was not acquired, and the assessment made upon his lands was void. A petition to establish a ditch under the act referred to is not required to contain the names of the owners of the land affected by the proposed work. *Watkins* v. *Pickering*, 92 Ind. 332. So, it would no doubt have been competent for the Legislature to have made the notice sufficient, by describing the lands affected, without naming the owners. But the statute is explicit that the names of the owners of the land affected by the proposed ditch must be contained in the notice. If this statute is not complied with, jurisdiction is not acquired as to the owners of lands whose names are omitted in the notice. *Wright* v. *Wilson*, 95 Ind. 408. And as the complaint alleges that the jurisdictional fact of notice as to the appellant was not found by the county board, the rule which closes the proceedings against collateral assault, where jurisdiction exists, does not apply to the present case.

The notice given by the auditor was, we think, insufficient as to the appellant; and as he alleges in his complaint, that his lands were in no way benefited by the ditch, and that he had no notice of the proceedings in time to appear before the county board to assert his rights, it seems clear that he is entitled to relief by injunction. There is no conflict in this view with *Town of Cicero* v. *Williamson*, 91 Ind. 541, nor *McIntyre* v. *Marine*, 93 Ind. 193, for it appears that the statutes there considered did not require the notices, the sufficiency of which was in dispute in those cases, to contain the names of the persons affected by the proceedings complained of. But the conclusions reached in *Wright* v. *Wilson*, *supra*, and in the present case, are in conflict, upon the point considered, with *Featherston* v. *Small*, 77 Ind. 143. So much of

the last named case as holds that it was unnecessary for the notice given by the auditor under section 2 of the act of March 9th, 1875, *supra,* to contain the names of the owners of the lands affected by the proposed work, is overruled.

The judgment of the court below is reversed, with instruction to overrule appellee's demurrer to the amended complaint and for further proceedings.

Filed Sept. 17, 1884.