Troyer *et al. v.* Dyar, Commissioner of Drainage.

No. 11,726.

TROYER ET AL. *v.* DYAR, COMMISSIONER OF DRAINAGE.

DRAINAGE.—*Notice.*—*Names of Owners.*—*Petition.*—Section 4274, R. S. 1881, requires that the names of owners of lands assessed for benefits arising from the construction of a ditch shall be stated in the petition if known, and a failure to name such owners renders the proceedings void.

SAME.—*Estoppel.*—*Pleading.*—No intendments are made in favor of a plea of estoppel, but it is incumbent upon the party pleading it to aver all the facts essential to its existence.

SAME.—*Assessment.*—An answer of estoppel pleaded to an action to set aside a drainage assessment is not good unless it avers that the plaintiff had knowledge of the fact that his land was assessed.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. H. Moon,* for appellants.

*M. Garrigus,* for appellee.

ELLIOTT, J.—The appellants allege in their complaint that they are the owners of forty acres of land, that they acquired title by deed from David and Tuby Foster, and that the Fosters derived title by deed from Christian F. Weaver, executed on the 8th day of August, 1882; that the deed from Weaver to the Fosters was duly recorded on the 2d day of September, 1882, and that one from the Fosters to the appellants on the 12th day of September, 1882. It is further alleged that a petition asking for the establishment of a ditch was filed on the 13th day of September, 1882, and in the petition it was alleged that the proposed ditch would affect the land of Christian F. Weaver; that such proceedings were afterwards had that an order for the construction of the ditch was entered, and

that the land assessed against Weaver, but owned by the plaintiff, would be benefited in the sum of $70. It is also averred that the plaintiffs did not have notice of the petition; that they were not named in the petition, or notice, or in any of the proceedings; that the only notice ever given of the filing of the petition was by posting printed notices on the 11th day of September, 1882. The prayer of the complaint is that the assessment may be set aside. To this complaint the appellee answered that he was the duly elected commissioner of drainage; that on the 13th day of September, 1882, John Davis filed a petition praying for the establishment of a ditch. The answer sets forth the allegations of the petition from which it appears that it was in all respects a valid and sufficient petition, and the answer also sets forth the proceedings taken in the matter, from which it appears that the notices in Howard county were posted on the 9th and 11th days of September, and that an order for the establishment of the ditch and the assessment of the land was made, which is regular on its face and is in due form. After setting forth the proceedings for the establishment of the ditch, the answer alleges the execution and recording of the deeds as alleged in the complaint, but that at the time of filing the petition and posting the notices the land appeared on the last tax duplicate to be owned by Christian F. Weaver; that immediately after the recording of the notice of the lien the appellee awarded the contract for the construction of the ditch, and the contractor at once entered upon the work; that the plaintiffs then resided on the lands and knew that the contract for the construction of the ditch was being awarded; that, to copy the language of the pleader, " they knew the said ditch was being so established, and especially that it was being constructed month after month during the spring, summer, fall and winter of 1883, and yet they stood by, being cognizant of their rights, and took no steps to arrest the construction, which they might and could have done before such expenses were incurred or such contract awarded." The an-

swer shows that the land was properly described, but that the name of the owner was erroneously given as Christian F. Weaver. The court overruled a demurrer to this answer, and the question for our decision arises upon this ruling.

The controlling question in the case is whether the error in giving the name of Weaver, as owner, instead of the appellants, makes the proceedings void. This is the real question, for, if not void, then the remedy was by appeal; but if void, then this action is well brought.

It is said by appellee's counsel that when the notices were posted the appellants were not the owners of the land, and that their deed was not recorded until the day after the posting of the notices. The difficulty in maintaining this position is, that Weaver, the party named in the petition and notices, had sold to the Fosters in August, and their deed was on record on the 2d of September. The notice was, therefore, not to the owner; had it been, doubtless, the appellants, as subsequent purchasers, would have been bound. They, however, were not bound by a notice to a remote grantor, given after he had parted with title.

The question turns upon whether the owner of land, against which benefits are assessed, must be named in the petition; if this was necessary, then naming some one else can not be sufficient. It has been decided that it is necessary to name the owner, and this decides the question. *Vizzard* v. *Taylor*, 97 Ind. 90; *Wright* v. *Wilson*, 95 Ind. 408; *Young* v. *Wells*, 97 Ind. 410. The statute provides that the petition shall " give the names of owners thereof if known, and when unknown shall so state." R. S. 1881, section 4274. This is a clear statutory requirement, and the cases to which we have referred, and to which many more might be added, declare that in such cases as this the statute must be pursued. The form of the petition given by the statute names owners, and this, taken in connection with the provision quoted, leaves no room for doubting that the Legislature meant that known owners should be named in the petition. If the statute is not obeyed there

is no jurisdiction, and if no jurisdiction then the proceedings are invalid.

It is a familiar rule that an estoppel must be specially pleaded, and that strictness in pleading it is essential. No intendments are made in favor of a plea of estoppel, and it is incumbent upon the pleader to fully plead all the facts essential to the existence of an estoppel. *Lash* v. *Rendell,* 72 Ind. 475; *Robbins* v. *Magee,* 76 Ind. 381; *Sims* v. *City of Frankfort,* 79 Ind. 446.

In the plea before us there is at least one essential fact lacking, and that is, the fact that the appellants knew of the assessment against the land. They may have known of the construction of the ditch, and yet have had no notice of the assessment against the land; and, as the complaint seeks only to set aside the assessment, and not to prevent the construction of the ditch, it was indispensably necessary for the appellee to show that they had knowledge of the burden imposed upon the land. We can not infer that they had notice of the assessment; that is a matter to be directly averred and not left to inference. It is unnecessary to inquire whether there are, or are not, other defects in the answer; the one pointed out is sufficient to condemn it, considered as a plea of estoppel, and we decide nothing more at present than that this defect renders the answer bad.

Judgment reversed.

Filed June 20, 1885.