## PUMPHREY *v.* HOLLIS.

[No. 6,854. Filed February 23, 1909.]

1. DRAINS.—*Assessments.*—*Notice.*—*Collateral Attack.*—*Injunction.* —A suit to enjoin the collection of a drainage assessment constitutes a collateral attack thereon and can be sustained only where the proceedings assailed are void; and a drainage assessment made without any notice to the interested landowner is void. p. 320.

2. DRAINS.—*Invalidity.*—*Who Can Question.*—An assessed landowner who has notice of a drainage proceeding, will not be permitted to complain of his assessment, on the ground that some other assessed person did not have notice thereof. p. 320.

3. DRAINS.—*Petitioners.*—*Dismissal.*—*Notice.*—A drainage petitioner who dismisses the petition as to himself, is not thereafter entitled to notice in order to make valid the assessment made, in such proceeding, against his land, the statute (§5624 Burns 1905, Acts 1905, p. 456, §3) failing to provide for notice to the petitioners. p. 320.

4. PLEADING.—*Complaint.*—*Allegations.*—*General.*—*Particular.*— *Drains.*—*Notice.*—Allegations that the plaintiff had no notice of a drainage assessment, the collection of which plaintiff sought to enjoin, are ineffectual, where the complaint further shows that plaintiff was one of the petitioners for such drain, but withdrew from the petition before the hearing thereon. p. 321.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Suit by John Pumphrey against Barlett B. Hollis. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*John T. Ballard* and *Sanford Trippet,* for appellant.
*W. E. Stilwell* and *Henry Kister,* for appellee.

ROBY, J.—This suit was brought to enjoin appellee from collecting certain drainage assessments against appellant's land and from proceeding with the work of constructing a drain thereon. The court sustained a demurrer to the complaint, and the correctness of such ruling is the question presented for decision.

The facts relied on are that certain persons in September, 1905, filed in the office of the clerk of the Gibson Circuit

Court a petition for the construction of the drain in question. On October 14, "before any proof of notice was made therein and before said petition was docketed as a cause pending in said court," certain petitioners, including appellant herein, moved to dismiss said proceeding as to each of them, which motion was sustained, and the proceeding, so far as they were concerned, was dismissed, the remaining petitioners proceeding in the matter. Drainage commissioners were appointed, who on January 7, 1907, filed their final report of assessments, benefits and damages. On January 21 such report was approved and a final order made establishing the drain. Appellant owns two tracts of land through which the proposed drain will pass, and which are assessed for the construction thereof. He has been a continuous resident of the county for more than ten years, and no notice, process or copy has been served upon him in said proceeding. He has not appeared thereto. The record does not show any notice to or appearance by him. The appellee drainage commissioner has caused the assessments aforesaid to be recorded in the recorder's office of said county, and is threatening to proceed with the construction of said drain, etc.

This is a collateral proceeding, and can only be maintained if the assessment sought to be enjoined is void. A ditch assessment made without any notice to the landowner is void. *Vizzard* v. *Taylor* (1884), 97 Ind. 90; *Brosemer* v. *Kelsey* (1886), 106 Ind. 504; *McCollum* v. *Uhl* (1891), 128 Ind. 304. The fact that other persons, over whom the court did not have jurisdiction, are assessed cannot avail appellant. *Carr* v. *Boone* (1886), 108 Ind. 241.

Section three of the act of March 6, 1905 (Acts 1905, p. 456, §5624 Burns 1905), under which the proposed drain was established, provides, among other things, that the petitioners shall note on the petition "the date set for the hearing thereof, and shall give to each

city * * * and to the owner or occupant of each tract of land, * * * who is a resident of the county * * * and who is not himself a petitioner, notice of the filing of such petition.'' The proceeding may be dismissed at any time before the report of the commissioners—which is in the nature of a decision—is made. *Black* v. *Campbell* (1887), 112 Ind. 122, 126. But it by no means follows that a petitioner who thus dismisses is entitled to notice as though he had not joined in instituting the proceeding. The statute only requires notice to those who are not petitioners. It was the duty of appellant, equally with his copetitioners, to set the date for hearing said petition and to give notice thereof. They might serve such notice themselves or cause it to be served by the sheriff. §5624, *supra.* It would hardly do to say that one who instituted the proceeding, who fixed the time for hearing, and whose duty it was to give notice thereof, and who, so far as the pleading shows, did give such notice, might, by dismissal ''before any proof of notice was made,'' treat the judgment subsequently rendered as void for the lack of notice.

The petitioner, by the terms of the statute, is charged with notice of his own proceeding. The record shows him 4. to have had notice, and averments to the contrary are ineffective.

The court did not err in sustaining the demurrer to the complaint. Judgment affirmed.