## WILSON *v.* TEVIS ET AL.

[No. 22,678.   Filed January 26, 1916.   Rehearing denied May 12, 1916.]

1. PLEADING.—*Answer in Abatement.*—*Motion to Strike Out.*—A motion to strike out will not perform the office of a demurrer for want of facts, and the sustaining of such a motion with respect to an answer in abatement containing allegations that are pertinent and relevant to the issues, even though it is insufficient as against a demurrer, is error; but such error is not ground for reversal where the pleading could not have been made sufficient to abate the action.   p. 713.

2. DRAINS.—*Proceedings to Establish.*—*Amendment of Petition.*—*Answer in Abatement.*—Under §6141 Burns 1914, Acts 1907 p. 508, authorizing the institution of a drainage proceeding by filing a petition which, among other things, shall describe the lands believed to be. affected and give the names of the owners thereof, if known, or, if unknown, state such fact, and §6142 Burns 1914, Acts 1907 p. 508, providing for the amendment of a petition which, as originally filed, is defective, an amended petition relates back to the commencement of· the proceeding; hence, where an original petition was defective in failing to state the names of the owners of lands which would be affected, and was later amended so as to state them, an answer in abatement for want of jurisdiction would not lie.   (*Troyer* v. *Dyar* [1885], 102 Ind. 396, distinguished.)   p. 714.

3. DRAINS.—*Proceedings to Establish.*—*Redocketing.*—*Remonstrances.*—Upon the amendment of a drainage petition under §6142 Burns 1914, Acts 1907 p. 508, so as to state the names of owners whose lands are affected, and who were not named in the original petition, a redocketing of the proceeding is not required on the theory that the parties are entitled to file a two-thirds remonstrance, since under the provisions of the section that within twenty days after the docketing of a drainage proceeding a remonstrance may be filed by "two-thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages", a fair chance to be heard is given to all persons whose lands were affected, whether named in the original petition or not.   p. 716.

4. DRAINS.—*Proceedings to Establish.*—*Evidence.*—Although §6151 Burns 1914, Acts 1907 p. 508, makes the report of the drainage commissioners admissible in evidence in proceedings commenced before the board of county commissioners, without any express provision making such reports competent evidence in cases commenced in the circuit or superior court, they are admissible in the latter class of proceedings also.   p. 718.

From White Circuit Court; *Burton B. Berry,* Judge.

Drainage proceeding on the petition of Charles Tevis and others. From the judgment rendered, Ellwood G. Wilson appeals. *Affirmed.*

*George E. Ross, Addison K. Sills, Sr.,* and *Addison K. Sills, Jr.,* for appellant.

*Uhl & Kassabaum* and *E. B. Sellers,* for appellees.

SPENCER, J.—Appellees instituted this proceeding on November 9, 1912, by filing in the circuit court of White County a verified petition asking for the establishment and construction of a certain tile drain in said county. Notice of the filing and pendency of the proceeding was given to appellant and to Margaret Rae Rubright, each of whom was named in the petition as a landowner likely to be affected by the proposed improvement, and on December 23, 1912, the cause was docketed as an action pending. Subsequently a demurrer to appellees' original petition was sustained, whereupon, by leave of court, they filed an amended petition in which Union Township in White County was made a party to the proceeding. Appellant's several motions to strike out the amended petition, to redocket the cause, and to dismiss the same were each overruled, whereupon he filed a plea in abatement in which he set forth, in substance, the proceedings above referred to and asked that the action abate on the ground that the court had no jurisdiction thereof. Appellees' motion to strike out the plea in abatement was sustained and appellant now alleges error in such ruling, asserting that if his plea properly questioned the jurisdiction of the court, it was manifest error to strike it from the files.

It is true that a motion to strike out will not perform the office of a demurrer for want of sufficient facts; and, where an answer or plea in abatement contains allegations that are pertinent

and relevant to the issues, it is error to strike it from the files, even though it is insufficient as against a demurrer, for the pleader is thereby deprived of an opportunity to amend. *Moorhouse* v. *Kunkalman* (1912), 177 Ind. 471, 481, 96 N. E. 600 and cases cited. If, however, the pleading is so clearly bad that it can not be amended and made sufficient to answer or abate the action, the judgment will not be reversed on account of the irregular procedure adopted in striking it from the files. *Hart* v. *Scott* (1907), 168 Ind. 530, 532, 81 N. E. 481; *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248, 265.

We have, then, to consider whether the theory of appellant's plea in abatement would, under sufficient allegations, serve to abate this proceeding.

2. It is appellant's contention, in brief: (1) that an application to establish a ditch is in the nature of a proceeding *in rem* and that all of the persons through whose lands the drain is to pass must be before the court, either by notice or appearance, in order to authorize the entry of an order establishing the proposed improvement; and (2) that jurisdiction over the *res* must be had by filing a proper petition at the beginning of the action and can not be acquired pending the final determination. There is no occasion here to question the first of the above statements, and we may concede further that authority may be found in support of the general proposition stated in 9 R. C. L. 631, that if a drainage statute "states that proceedings shall be begun by petition, the filing of a petition in proper form is a jurisdictional prerequisite." *Troyer* v. *Dyar* (1885), 102 Ind. 396, 1 N. E. 728; *Vizzard* v. *Taylor* (1884), 97 Ind. 90; *Wright* v. *Wilson* (1884), 95 Ind. 408. With regard to the application of the above authorities to this proceeding, however, we need refer

particularly only to the case of *Troyer* v. *Dyar*, *supra*, as fairly illustrative of each of said decisions. In that case, the court had under consideration a drainage petition filed under the provisions of §4274 R. S. 1881, in which the land owned by appellants therein was properly described but one of their remote grantors was named as the owner thereof. In determining the sufficiency of the petition this court said, at page 398 of the opinion: "The question turns upon whether the owner of land, against which benefits are assessed, must be named in the petition; if this was necessary, then naming some one else cannot be sufficient. It has been decided that it is necessary to name the owner, and this decides the question. [Citing authorities.] The statute provides that the petition shall 'give the names of the owners thereof if known, and when unknown shall so state.' R. S. 1881, section 4274. This is a clear statutory requirement, and the cases to which we have referred, and to which many more might be added, declare that in such cases as this the statute must be pursued. The form of the petition given by the statute names owners, and this, taken in connection with the provision quoted, leaves no room for doubting that the legislature meant that known owners should be named in the petition. If the statute is not obeyed there is no jurisdiction, and if no jurisdiction then the proceedings are invalid."

The statute under consideration in this case also authorizes the institution of a drainage proceeding by filing a petition which, among other things, "shall describe * * * the lands of others, which it is believed will be affected by the proposed drainage, and give the names of the owners thereof, if known, or upon diligent inquiry can be ascertained and if unknown shall so state." §6141 Burns 1914, ·

Acts 1907 p. 508. This provision is very similar to that contained in the law which governed the Troyer case, *supra*, and that decision might require consideration in a proceeding under the present drainage statute wherein similar facts were involved. It will be noted, however, that the act of 1907 (Acts 1907 p. 508, §6140 *et seq*. Burns 1914) which controls this action, provides for the amendment of a petition which, as originally filed, is defective (§6142 Burns 1914, Acts 1907 p. 508), and also that the act of 1881 (Acts 1881 [s. s.] p. 397), under which the proceeding in the Troyer case was instituted, contained a similar provision. §4276 R. S. 1881. In the case at bar, the necessary amendment was made, while in the Troyer case no such steps appear to have been taken. This fact distinguishes the two cases and is sufficient to sustain the petition herein as against an attack based on the theory of appellant's plea in abatement. An amended complaint or petition ordinarily relates back to the commencement of the action and will be construed as of that date. This is particularly true where the amended pleading differs from the original only in that it contains additional jurisdictional averments. *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221, 20 N. E. 775; *Kirkham* v. *Moore* (1903), 30 Ind. App. 549, 65 N. E. 1042; *Carter-Crume Co.* v. *Peurring* (1900), 99 Fed. 888, 40 C. C. A. 150.

Appellant next contends that the refusal of the trial court to redocket the petition as amended was error; that as new parties were brought in by 3. the amendment, it is fair to assume that a two-thirds remonstrance would have been filed if the cause had been redocketed and a new period thus allowed in which to file such a remonstrance. In passing on this contention it is proper to note the provisions for a "two-thirds remonstrance" which

were contained in former drainage laws, and to consider the reasons for such changes therein as were made by the legislature in enacting the law that controls this action. Under the act of 1885 (Acts 1885 p. 129, §5623 Burns 1894), which provided for remonstance by two-thirds of those named in the petition who were resident in the county or counties through which the improvement was to pass, it was held that when parties not named in the petition were brought in by the report of the drainage commissioners, they could not join with the original parties in filing such a remonstrance, even though, together, they constituted two-thirds of the persons affected. *Yancey* v. *Thompson* (1892), 130 Ind. 585, 30 N. E. 630. This made possible a situation in which, by naming in the drainage petition only those through whose lands the ditch was actually to pass, numerous other parties to be affected by the improvement would be denied the right to join in a two-thirds remonstrance against the same. The provision for such a remonstrance was omitted from the drainage law of 1903 (Acts 1903 p. 504), but was restored in 1905 (Acts 1905 p. 458, §3) to apply to "two-thirds of the landowners affected", as shown by a preliminary report which was provided for in that act. Under that law, however, it developed that a proposed drainage system might be defeated by a two-thirds remonstrance after a considerable sum of money had been expended in preparing the "preliminary report" and as, in that event, the cost of such report would then fall on the petitioners, the effect of the provision was to discourage drainage improvement. To meet the situations presented by the laws above referred to, the General Assembly of 1907, in passing the act which controls this proceeding, provided that a general remonstrance might be filed within twenty days after the

cause was docketed, by "two-thirds in number of the land-owners named as such in such petition *or who may be affected by any assessment or damages,*" etc. (our italics). §6142 Burns 1914, Acts 1907 p. 508. This provision gives to all a fair chance to be heard and authorizes them to come in affirmatively, or be brought in by others in interest, and join in a remonstrance before a large amount of cost shall accrue in the action. If the persons so remonstrating constitute two-thirds of the landowners affected, under the showing they are able to make, the petition must be dismissed. It must also be borne in mind, as decided in *Rayl* v. *Kirby* (1913), 180 Ind. 553, 557, 562, 102 N. E. 136, 103 N. E. 440, that persons whose lands are affected by a proposed drain, even though they are not named in the petition or remonstrance, may be counted in determining the sufficiency of such a remonstrance with reference to the number of remonstrators, since all such persons, as well as owners named in the petition or remonstrance, must bear the burden of any assessment that may be made against their lands. And if such persons are opposed to the improvement, they may join in the remonstrance. Appellant, and all others in interest, had one opportunity to file a two-thirds remonstrance in this proceeding, if desired, and the statute contemplates no more.

Complaint is also made of the admission in evidence of the report of the drainage commissioners. It is conceded that, under §6151 Burns 1914, Acts 1907 p. 508, such reports are admissible in proceedings commenced before boards of commissioners, but the contention is made that as the statute contains no express provision which makes such reports competent evidence in an action instituted by petition to the circuit court, they should be excluded. In other words, if we un-

derstand appellant's position, if a drainage proceeding has its origin before a board of county commissioners and an appeal is taken to the circuit court, where the matter is tried *de novo*, the report is admissible at the latter hearing; but that in a like proceeding which is originally instituted in the circuit court the report may not be received in evidence. We can not adopt such an interpretation of a law which, it is expressly provided, shall be liberally construed to promote its objects. The report of the drainage commissioners was properly admitted. *Shields* v. *Pyles* (1913), 180 Ind. 71, 81, 99 N. E. 742; *Zehner* v. *Milner* (1909), 172 Ind. 493, 501, 87 N. E. 209, 24 L. R. A. (N. S.) 383.

Other objections are urged which do not go to the merits of the controversy but present technical questions as to minor matters of procedure. These objections, so far as properly presented, are insufficient to show that appellant was in any way denied a fair trial and it is unnecessary to extend this opinion with their detailed consideration.

Judgment affirmed.

Note.—Reported in 111 N. E. 181. See, also, under (1) 31 Cyc 619, 621, 669; (2) 14 Cyc 1033, 31 Cyc 464, 467; (4) 14 Cyc 1042.