ATTORNEY FOR APPELLANT
Donald J. Tribbett
Tribbett Law Office
Logansport, Indiana

ATTORNEY FOR APPELLEES
Dale W. Arnett
Winchester, Indiana

ATTORNEYS FOR AMICUS CURIAE
Indiana Regional Sewer District Association
Anne H. Poindexter
Stephenie K. Gookins
Campbell Kyle Proffitt LLP
Carmel, Indiana

# In the
# Indiana Supreme Court

_____

No. 08S04-1402-MI-97

IN RE: THE CARROLL COUNTY 2013 TAX SALE

_____

TWIN LAKES REGIONAL SEWER DISTRICT,          *Appellant (Intervenor Below)*,

v.

RICHARD C. RAY AND
PATRICIA A. ALFORD,                          *Appellees (Petitioners below)*,
                          AND
CARROLL COUNTY, INDIANA, BY AND THROUGH
     THE CARROLL COUNTY AUDITOR               *Appellee (Respondent below)*.

_____

Appeal from the Carroll Circuit Court, No. 08C01-1308-MI-20
The Honorable Benjamin A. Diener, Judge

_____

On Appellate Rule 56(A) Petition To Transfer, No. 08A04-1309-MI-455

_____

**December 4, 2014**

**Dickson, Justice.**

After two landowners, delinquent in paying fees and penalties owed to a regional sewer district, successfully petitioned the Carroll County Circuit Court to remove their properties from the list of properties subject to a tax sale, the lienholder sewer district appealed, challenging the trial court's interpretation of Indiana Code section 13-26-14-4. We hold that the statute does not

apply to prohibit a tax sale of these properties.

Twin Lakes Regional Sewer District is one of roughly 100 non-municipal regional sewer districts in Indiana, and it serves areas in Carroll and White counties. Richard Ray and Patricia Alford each own property served by the District. Both the Ray property and the Alford property had outstanding sewer bills owed to the District, which had perfected liens against the properties and certified those liens to the Carroll County Auditor for collection with the upcoming property tax bill. On August 26, 2013, the Carroll County Treasurer and Auditor filed a joint affidavit and joint application for judgment against the listed properties ordering that the properties be sold at a tax sale to satisfy obligations for the unpaid sewer bills owed the District.

The trial court entered the requested judgment, but in advance of the tax sale the landowners each separately petitioned the trial court objecting to their respective properties being listed for tax sale and asserting that "[a]ll property taxes are paid on this property and the only amount due is an attached sewer lien." Appellant's App'x at 8–9. Further, the landowners each requested, in part, that the trial court find that their respective properties "[cannot] be sold at tax sale" pursuant to Indiana Code section 13-26-14-4. *Id*. The District intervened and requested a hearing to determine whether the Ray or the Alford property ought to be removed from the tax sale list. Following the hearing, the trial court found that the only outstanding lien on either property was owed exclusively to the District for unpaid sewer bills and ordered that both properties be removed from the 2013 tax sale because "[the District] maintains the only lien" and as such "is precluded from foreclosing on the parcels pursuant to [Indiana Code section] 13-26-14-4." *Id*. at 7. The District then initiated this appeal and petitioned this Court to accept jurisdiction pursuant to Appellate Rule 56(A), which we granted.

All parties agree that the central issue in this case is the interpretation of the last sentence, the lien foreclosure prohibition clause, in Indiana Code section 13-26-14-4. *See* Appellees' Br. at 2; Appellant's Br. at 1. Section 4 is the last of four brief sections comprising Chapter 14. Section 1 authorizes regional sewer districts to use lien foreclosure to collect rates, charges, and penalties. Ind. Code § 13-26-14-1. Section 2 permits such lien foreclosure actions to recover the rates, charges, penalties, and reasonable attorney's fees and expressly directs a court-ordered sale

2

"without relief from valuation or appraisement statutes." Ind. Code § 13-26-14-2. Section 3 states that the lien foreclosures are subject to "the laws concerning municipal public improvement assessments" and the "rights, remedies, procedure, and relief granted the parties to the action." Ind. Code § 13-26-14-3. Section 4, however, limits the availability of lien foreclosure in certain circumstances. In its entirety, Section 4 states:

> Sec. 4. Rates fees, or charges made, assessed, or established by the district are a lien, in the same manner established under IC 36-9-23 for municipal sewage works, on a lot, parcel of land, or building that is connected with or uses the works of the district. Liens under this chapter [chapter 14]:
> > (1) attach;
> > (2) are recorded;
> > (3) are subject to the same penalties, interest, and reasonable attorney's fees on recovery, and
> > (4) shall be collected and enforced:
> in substantially the same manner as provided in IC 36-9-23-31 through IC 36-9-23-34. *A lien under this chapter that is the only lien on a property may not be foreclosed.*

Ind. Code § 13-26-14-4 (emphasis added).[1] Questions of statutory interpretation are questions of law and are reviewed *de novo*. Pinnacle Properties Dev. Grp., LLC v. City of Jeffersonville, 893 N.E.2d 726, 727 (Ind. 2008).

The District contends that the lien foreclosure prohibition clause in Section 4 does not apply to tax sales, which are legally distinct from foreclosures under Indiana law. The District argues that a regional sewer district has three methods for collecting unpaid sewer bills and penalties[2] and that lien foreclosure is one of those methods. It argues that a foreclosure is a legal proceeding that "terminates the owner's interest in property" by selling the property itself and cutting off the owner's right of redemption, Appellant's Br. at 7, whereas a tax sale is a separate available method of collection. *Id*. at 8. A tax sale "does not terminate the rights of the owner" and is not a sale of the real estate itself but rather a sale of a tax lien that "is subject to a one year

---

[1] The District's appeal also challenges the trial court's finding that the District was the only lienholder on the respective properties. In light of our resolution of the principal issue, this secondary claim is not dispositive and will not be addressed.

[2] The three methods of collection referred to by the District are: (1) the filing of a civil lawsuit (Indiana Code section 36-9-23-31); (2) the perfection and foreclosure of a lien on a customer's property (Indiana Code sections 36-9-23-34 and 13-26-14-1 *et seq.*); and (3) the certification of a lien to the county auditor for collection with property taxes (Indiana Code section 36-9-23-33). *See* Appellant's Br. at 5. The landowners do not dispute the District's assertion that there are three methods by which a regional sewer district may collect delinquent bills and fees, but they argue that the prohibitive language in dispute in this case applies to both the second and third methods of collection.

period of redemption" for the owner. *Id.* The District cites Indiana Code section 6-1.1-24-9(b), which provides that a tax sale purchaser has purchased "a lien against the real property" and not the property itself, which practically and legally distinguishes a tax sale from a foreclosure. *Id.* The District also urges that Indiana has a method for tax sale procedures that is found in Title 6 of the Indiana Code and a separate method for the foreclosure of real estate that is found in Title 32, and that the disputed language in this case, when read in context, mirrors the real estate fore-closure language of Title 32 and not the tax sale language of Title 6. *Id.* at 12. Thus, the District argues that any prohibitive language for how collection may be conducted by a regional sewer district under Indiana Code section 13-26-14-4 should only apply to the foreclosure method of collection—and not to the tax sale method of collection.

The landowners respond that the plain meaning of "foreclosed" in the last sentence applies broadly to encompass both a traditional real estate foreclosure as well as a tax sale, which they also refer to as a "tax foreclosure." Appellees' Br. at 3. Focusing on the definition given in *Black's Law Dictionary* and also <u>McCollum v. Uhl</u>, 27 N.E. 152, 154, 128 Ind. 304, 308 (1891), the landowners argue that Indiana has "historically recognized tax sales as a foreclosure process." Appellees' Br. at 3.

The issue is thus whether the lien foreclosure prohibition clause in Section 4 applies to prohibit a tax sale when the sewer bill lien is the only lien on the property. The clause declares: "A lien under this chapter that is the only lien on a property may not be foreclosed." Ind. Code § 13-26-14-4. The parties do not dispute that the landowners' respective delinquent fees and penalties constitute a proper lien under Section 4, but they disagree regarding whether the lien foreclosure prohibition clause applies to tax sales.

The statutory language in controversy, Indiana Code section 13-26-14-4, is part of Title 13, Article 26, which applies to regional sewer districts. The counterpart statutory provisions governing municipal sewer works are found in Title 36, Article 9. We note that the disputed prohibition on lien foreclosure is introduced by the phrase "[a] lien under this chapter [Chapter 14 of Article 26]." *Id.* We understand this to appropriately identify the prohibition as applying only to the foreclosure of liens by regional sewer districts and not to restrict municipal sewer lien

foreclosures.  In discussing the liens "under this chapter [Chapter 14 of Article 26]," Section 4 directs that such liens "shall be collected and enforced . . . in substantially the same manner" as provided in Sections 31–34 of Title 36, Article 9, Chapter 23, which applies to municipal sewer fee collection.  These four sections establish three methods of collection of delinquent sewer fees and penalties and expressly distinguish liens created by assessed sewer fees from tax liens.  Section 31 generally authorizes the municipality to bring a civil action to collect delinquent sewer fees.  Ind. Code § 36-9-23-31 (2012).  Section 32 provides that sewer fees assessed against real property under Chapter 23 "constitute a lien against the property assessed," which lien is superior to "all other liens except tax liens."  Ind. Code § 36-9-23-32(a) (2012).  Section 33 provides that delinquent fees, penalties, and charges shall be collected by the county treasurer "in the same way that delinquent property taxes are collected."  Ind. Code § 36-9-23-33(i) (2012).  Finally, Section 34 authorizes municipal sewer works to "foreclose a lien established by this chapter in order to collect fees and penalties."  Ind. Code § 36-9-23-34(a) (2012).  In summary, these four sections of Chapter 23 explain how a municipality—and by reference under Indiana Code section 13-26-14-4, a regional sewer district—may collect unpaid and delinquent sewer bills.  Section 31 authorizes the filing of a civil lawsuit, Section 32 declares that sewer fee assessments constitute a lien on affected property and distinguishes such liens from "tax liens," Section 33 authorizes collection through the delinquent property tax method, and Section 34 authorizes foreclosure of assessed sewer liens.  And while Sections 31 through 34 expressly authorize the county treasurer to collect assessed sewer fees in the manner of collecting delinquent property taxes, which includes resort to a tax sale, these sections do not define sewer fee collection liens as "tax liens" or refer to a "tax sale" as a "lien foreclosure," nor does Chapter 23 elsewhere "establish" a "tax lien" subject to "foreclosure."  We conclude that a tax sale does not fall within the regional sewer district lien foreclosure prohibition.

We are not persuaded by landowners' arguments to the contrary.  While *Black's Law Dictionary* may be useful in some circumstances, its legal definitions do not supersede the general English language chosen by the Indiana General Assembly in crafting our statutes.  In addition, we do not find relevant precedential value in this Court's 1891 decision in McCollum.  At issue there was whether notice had been satisfied in accordance with a statutory requirement and whether a lien owed to the State for delinquent taxes was superior to a lien for a ditch assess-

ment.  27 N.E. at 153–154, 128 Ind. at 307–08.  The passing mention of a "tax foreclosure sale" in McCollum was *obiter dicta*, not a holding requiring application to the present facts and statutory language.  *See* 27 N.E. at 154, 128 Ind. at 308.

We recognize the landowners' earnest opposition to their property being subject to regional sewer district fees and their belief that the legislature's enactment of the lien foreclosure prohibition clause provided them with immunity in the absence of other liens.  We must be guided, however, by the language enacted and thus find that, while it precludes the foreclosure of assessed regional sewer district fee liens when such liens are the only liens on a property, this preclusion does not extend to collection of such fees and charges by tax sale.

**Conclusion**

The lien foreclosure prohibition of Indiana Code section 13-26-14-4, governing the collection of regional sewer district sewer liens, does not apply to collection by tax sale.  Here, because the District employed the tax sale method and did not seek collection of the Appellees' unpaid sewer bills and penalties through the lien foreclosure method, the lien foreclosure prohibition clause does not apply.  The judgment of the trial court removing the Ray and Alford properties from the tax sale list is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Rush, C.J., Rucker, David, and Massa, JJ., concur.

6